Woodworth, (Attorney General,) Senator.
This cause has been argued with great ability, by the counsel on both sides. Most of the authorities which bear upon the question have been cited for the consideration of the court. Recurrence has been had to the principles which govern, in cases like the present; this is always of importance, in determining, whether the decisions transmitted to us have departed from those principles, or are, at this day, to be received as satisfactory evidence of the law we are bound to pronounce.
Whether the form of action, adapted to that species of injury, of which the plaintiff complains, is wisely settled or not, is foreign to the inquiry of a court of justice. 1 dismiss this subject at once, and inquire, what are the specific grounds of complaint, by the plaintiff against the defendant ? what is the existing law, as applied to this ease? and consistent with it, can the judgment of the supreme court be supported ?
It is proper, also, to remark, that whatever be the merits of the controversy between these parties, or the proof adduced on the trial of the cause, this court can only look to the record ; and are bound to presume, that nothing more was proved than the declaration of the plaintiff required.
This action must be supported on the ground that there was an express warranty, or that the defendant fraudulently, or scienter, made the affirmation stated in the declaration. This position is clearly settled in all the books, and was concealed by the counsel in the argument of the cause. The doctrine of implied warranty is irrelevant. By the civil, as well as the common law, an im *559 plied warranty was annexed, to every sale, in respect to the title of the vendors, but not as to the goodness of the wares purchased. The vendor is not bound to answer, unless he expressly warrants them to be sound and good, or unless he knew them to be otherwise, or hath used any art to disguise them.* The counsel fortheplaintiffurged that there was á warranty, contending that the affirmation stated in the plaintiff’s declaration is equivalent, or in the nature of a warranty, and, consequently, that the action may be sustained on that ground. To this several answers may be justly given. From the declaration, it is evident, that the plaintiff founded his right to recover, not on the contract, but on the fraud, supposed to have been practised, and such must have been the apprehension of both parties. The court, in my opinion, can have little doubt, on inspecting the pleadings, that this action js to be sustained, if at all, on the deceit, and not on the Contract. It is not material, in this point of view, that the counsel have produced precedents in cases of warranty, where a scienter is laid, which the precaution of the pleader may have introduced, since it is well established, that surplusage never vitiates, and that the allegation although made, need not be proved.
It may well be questioned, whether, in any case, a mere affirmation can be construed into a warranty, there being a clear distinction laid down in the books, which has become so familiar as to be understood by many who have not devoted their time to the science of the law. Anciently, the method of declaring was warantizando vcndit, which must be made at the time of the sale; modern practice has authorized the plaintiff to declare in assump-, sit. We find the cases all concurring, that an affirmation is not a warranty. The latter is a technical term, which, when applied to the quality of goods, is binding on the party making-it, and gives the party injured a right of action, if the goods, or article warranted, do not answer *560 the-description. But an affirmation, although not true, is insufficient, unless there is an averment, that this party-affirmed fraudulently, or scienter. The case of Paisely v. Freeman, (3 Term Rep. 57.) is full as to this point. The distinction is so well settled in the law, that I atn bound to say, here was no warranty, and that the plaintiff must charge a fraud in his declaration, or he is not entitled to recover. Damage without fraud is no ground of action. It was stated by the counsel for the plaintiff, that this argument was not urged in the supreme court; that if it had been, probably their decision would have been different; but, ifthe preceding reasoning is correct, or if the principle assumed by the supreme court is well founded, that where the contract is reduced to writing, the party cannot give evidence of a parol warranty, then it follows, that the judgment would have been the same. Admitting, however, that there was a parol warranty, and that it is so charged in the declaration, can the plaintiff avail himself of it, having stated that the contract of sale was reduced to writing, under the-hands and seals of the defendants ? I understand the rule of law to be, that where the party relies on the contract, and that contract is reduced to writing, he cannot give parol evidence to enlarge or restrain its operation. The writing being-a more solemn act, is, in law, considered the consummation, and done with deliberation. By this the parties are bound, and cannot, afterwards, resort to the more uncertain species of testimony by parol. This doctrine has been well settled, and acted upon in oUr courts and in England, and at this clay is not to be shaken.* The reason of the rule is also obvious. Writing is a more permanent method of communicating ; it is generally the result of deliberation ; it depends not on memory, which is frail and fallible. The wisdom of the law, in confining parties to the written contract, in exclusion of all anterior verbal communications, must be obvious. The *561 bill of sale, in this case, contained no warranty or affirma-' tion. No action could be maintained on it, other than. for the defect of title, I have, therefore, no hesitation in saying, that if this action can be supported, it must be on the ground of deceit or fraud. An examination of the principles, applicable to this form of action, becomes nécessary ; for these only can lead us to a correct decision.
The requisites, in an action founded on a deceit or fraud, are, that the plaintiff expressly alleges, in his declaration, that the defendant made his affirmation fraudulently, or knowingly; whatever may be the decision, in this case, these positions will not be denied. The authorities on this point are numerous, and not contradictory. If, then, it is indispensable for the plaintiff to state these allegations in his declaration, it is equally necessary for him to prove them on the trial of the cause. The rule, however, is equally clear, that the plaintiff need not prove more than he has stated. How does the plaintiff’s declaration comport with this rule ? In all the counts, the-allegation is, merely, that the defendants affirmed, that the number of subscribers for the newspaper exceeded 900, and that the profits exceeded 3,000 dollars by the year; whereas the plaintiff avers, that the number of subscribers did not exceed 600, and that there were not any profits accruing to the proprietors; “ and so, by reason of the said affirmation, the plaintiff was falsely and fraudulently deceived.” The present declaration does not contain an express charge of fraud, or a scienter / it rests merely on the ground of an affirmation, which, although probably untrue, may have been innocently, and is no where alleged to have been fraudulently made. The law having prescribed the requisites to maintain this species of action, we find the precedents in the books conformable thereto. I apprehend, that not one solitary case can be found, where a declaration, averring no more *562 than that of the plaintiff, has been held sufficient to entitle a party to recover: The case of Harvey v. Young, (Yelv. 21.) is certainly analogous. There, it is evident,' the judgment was'arrested:
The counsel for the plaintiff, to' obviate these objections, contend, 1: That the charge offráud, in the declaration, is an averment, not an inference! 2. That there may be positive, or implied fraud ; and that the circumstances of this case are such as to establish the latter,' particularly, as a representation is alleged to have proceeded from the vendor himself, in relation to the profits' of an establishment, of which he may have beén in possession for many years, and respecting which he cannot be ignorant, whether it be lucrative or not:
As to the first point, it is proper "to remark, that a con-elusion not warranted by the premises, must always be incorrect. The premises are,- that the defendants affirmed, as to the number of subscribers, and the profits of the establishment, but neither fraud or a scienter is alleged,1 or any imputation.of either against the defendants; thus far, the charge does not create any liability; then follows the inference ; “ and so the plaintiff saith, that by reason1 of the said affirmation, he was falsely and fraudulently deceived: What appears to me conclusive,- that this is mot an averment, but an inference, is, that the plaintiff expressly refers to the affirmation, as being the sole cause of his being fraudulently deceived; but that affirmation',’ which is alone to warrant the conclusion, is -not alleged,: nor can it be pretended to have been made fraudulently,- or knowingly. The result then is, that although the plaintiff may have been deceived,- he was not fraudulently, because he has not disclosed a case that will admit of such á conclusion. To illustrate the absurdity of this inference, numerous instances might be stated, but I forbearfor’ they must be familiar to all. With respect to implied or legal fraud, whence is it to be collected ? The genera® *563 rule is, that fraud is never presumed, but must be proved. Let us, then, examine, whether there is any thing in this case, which, in judgment of law, will justify this court in saying that the affirmation must be intended to have been made fraudulently. It is said that it is next to impossible, for the owner of such an establishment to be ignorant, whether it be lucrative or not, and, consequently, an affirmation respecting it, which may turn out to be untrue, is to be deemed fraudulent. Does it follow, that because the defendants owned a part of the establishment, they were acquainted with its concerns, and had been so for years ? that they knew the number of subscribers, and the precise amount of the profits ? All this must be presumed before the defendants are chargeable, on the ground of implied or legal fraud. Is it not, at least, equally probable, that the defendants may have been the owners but for a short time, and that the'management of the establishment wholly devolved on others, and that they had no personal knowledge as to the profits, and the number of subscribers? Fraud is not necessarily presumed from such circumstances. It would be dangerous in the extreme, as well as manifestly unjust. I, therefore, conclude, that on this ground, the plaintiff does not establish a right to recover.
The only question remaining, is, whether the defects in the declaration are cured by the verdict. The general rule is, that matters of substance, are not aided by a verdict, although it will support a title defectively set. out. The law required the plaintiff to charge the defendants with having made the affirmation fraudulently or fenowingly ; not having done this he was bound to prove fraud on the trial of the cause. We cannot presume that he was permitted to prove, what his declaration did not require. It, therefore, follows, that inasmuch as the plaintiff’ has omitted to charge the defendants with fraud, which alone gives him a right of action, the declaration must be con■sidered as containing no cause of action, and cónse-quently, that the defect is fatal, and not cured by the verdict.* Believing the law to be well settled by the numerous authorities introduced, and finding those authorities founded on principles, calculated to afford a remedy, where one ought to exist; believing that certainty in the law is of more real importance, than the fancied improvements which ingenuity may suggest, and which, in'their nature, must be fluctuating, I have neither the disposition, nor the boldness, to d.epart from the rule “ stare decisig.” This court, I would say, is emphatically called on to pronounce what the law is, not what it ought tobe. I cannot,-therefore, countenance any remarks, calling on the court, by a well-timed interposition, to restrain or soften what may, by some, be considered á harsh, or a rigorous rule, and thereby to prevent innovation. This power exclusively appertains to the legislature.
I am happy, however, that in the event of this judgment being affirmed, no substantial injury can result to the plaintiff. He may bring a new action against the .defendants; The decision in this, and the supreme court, will afford him such information, that if his proof .is, as his counsel .contends, he will have a certainty ofsuecess. Not'so with the defendants; a decision against them is final and conclusive, notwithstanding they may go to trial unprepared, under a conviction that the declaration was wholly defective, and although they may possess the most satisfactory evidence to negative the idea of fraud.
I am,-therefore; of opinion, that, the judgment of the supreme court ought to be affirmed.
L’Hommedieu, Senator.
Without giving any opinion, whether, an action of deceit can, in any case, be maintained, on an implied scienter or a constructive fraud, I think there is enough set forth in this declaration, to make it good, especially after verdict. If the gist of the action he deceit, or the effect produced on the mind of the plain *564 tiff, that, in my opinion, is sufficiently set forth by the words “ and so the said Samuel Bayard saith, that he, by reason of the said affirmation, was falsely and fraudulently deceived.” If fraud, or the evil intention of the defendants, be the object of the action, that also, I think, is sufficiently averred, at least after verdict, by the same words, which are laid with a venue, which shows an averment, and matter to be tried by a jury, Where, from the whole declaration, it appears that the matter in dis-r pute between the parties was fairly' brought before the jury, the court ought to endeavour to give effect to the verdict.
It is objected, that the second count contains no averjtnent, that Richard M. Malcolm authorized Samuel B, Malcolm to make the affirmation. If that was a defect in the declaration, I should say that it was cured by the yerdict. For if such an authority was necessary to make Richard, M. Malcolm responsible for the affirmation of Samuel B. Malcolm, it must have been proved to the jury, before they could have given a verdict against him, and we ought to presume it was proved. But I do not think any such authority was necessary, for in the sale of the establishment, &c. S. B. Malcolm must be considered as the servant of R. M. Malcolm, which brings this case precisely within that of Hern v. Nichols. (1 Salk. 289.) j am, therefore, for reversing the judgment of the supreme court.
.Clinton, Senator.
As the judgment was arrested on account of insufficiency in the declaration, it will be proper to state it with some particularity, The declaration contains three counts. The first states an assignment, in writing, of the printing establishment, for 11,305 dolT lars; that, before the assignment, a colloquium was had between the parties, in which the defendants affirmed, that the number of subscribers for the said newspaper did then exceed 900, and that the profits of the establish *565 ment exceeded 3,000 dollars per annum ; that the plajn-¡tiff, giving faith to such affirmation, made the purchase, and paid the money, whereas the number of subscribers, at that time," did not exceed 600, and the establishment did not yield any profits to the proprietors; and so the said plaintiff saith, that he, by reason of the said affirmation of the said defendants, was falsely and fraudulently deceived, io wit, the day and year aforesaid, at the city and county aforesaid. The second count was the same as the first, only stating the affirmation to be made by one of the defendants. The third count stated, that one of the defendants affirmed, that he did not know the situation of the establishment, but that two of the agents, or servants in the office, mentioning them byname, well knew it, and that he referred the plaintiff to them ; that they respectively affirmed as the defendants had done in the first count. “ And so the said plaintiff saith, that by reason of his being referred by the said defendant to his said servants, and by reason of the said several affirmations thereupon of them, respectively¿ he was falsely and fraudulently deceived, to wit, the day and year aforesaid, at the city and county aforesaid.” Thejdeclaration contains the common conelusion. “ Wherefore he saith, that he is made worse, and hath damage to the value of 30,000 dollars, and thereof he brings suit, &e. The .defendants pleaded the general issue,' not guilty-.
The shpposed insufficiency in the declaration relates to the allegation offraud. This is the sole question before the court, and, in discussing it, a wide range has been taken by the counsel, in which they have displayed great research and ability. The principal points of discussion may be resolved into three heads: 1. Whether an affirmation or averment of fraud is at all necessary in the present case ? 2. If necessary, whether it has not been sufficiently made? And, 3. Whether, if imperfectly set forth, the defect is not cured by verdict ?
*566 Two subordinate points, whether some of the counts are not vitious, and if so, whether the verdict ought to be sustained on the count that is good, will be also noticed.
In support of their first ground, that no averment of fraud is necessary, in a case like the present, the plaintiff’s counsel have endeavoured to establish the following propositions :
1. Where a man sells an article, in the way of his trade or calling, and his representation is false, deceit will be inferred, on account of his knowledge of the quality and nature of the goods in which he deals.
2. That where a man sells an article upon a warranty or affirmation, which increases the price, the law will infer fraud.
The nature of this action is not pretended to be denied. It is admitted, on all hands, that it does not proceed upon the contract, but that it is founded on the tort. The very gravamen is the deceit. The gist, the substance or essence of the complaint, is fraud. Fraud without damage, or damage without fraud, gives no cause of action; but where those two concur, an action lies.* A knowledge of the falsehood of the thing asserted, must exist in the mind of the person who makes the representation, in order to constitute the deceit. To say, therefore, that the plaintiff need not state the very fact which constitutes his right of action, is not only repugnant to the dictates of common sense, but is counter to the whole current of authorities. The books all agree upon this point, that something must be expressly and substantively charged against the defendant which is fraudulent. And, therefore, they state, that “ fraudulenter without sciens, or sciens without fraudulento?, are sufficient to support the action “ That falsely and fraudulently are equivalent to knowingly:” and they go upon the principle before mentioned, that the essence of the action being fraud, either fraud in terms. *567 or knowledge of the falsehood of the representation, must be alleged. The doctrine advocated by the plaintiff, is, therefore, untenable. It cannot, for a moment, be. credited, that an inference of fraud, a fraud in judgment of .law, a constructive fraud, will be admitted to supply the want of an allegation, which comprises his very right of action. The case of Chandelor v. Lopes,† which has been cited in support of this doctrine, and which appears to be the leading one of the earliest cases on'this subject, does not bear it out. The judgment was reversed, because, although the declaration stated, that the defendant affirmed a spurious stone to be a bezoar stone, yet, as it did not state a warranty, or that he knew that it was not a bezoar stone, it was held bad: meaning, thereby, that if the action was to be considered in contract, a warranty was essential; and if in tort, asciensI am willing, however, to admit-, that if a man sells goods in the way of his trade, upon an incorrect representation, or if lie seriously warrants or affirms, and thereby increases improperly the price of the article sold, the presumption of fraud, apparent on the face of the transaction, will be sufficient evidence of the sciens, and will warrant the jury iri finding against him. And herein consists, I think, the error of the counsel of the plaintiff, in confounding the complaint, or the statement of the cause of action, with the evidence adduced to support it.
'As to the second point, whether the allegation of fraud has been sufficiently made in this declaration, I am inclined to concur with the opinion of the learned judge* who dissented from his brethren on this occasion,- that the fraud was sufficiently alleged, and I shall, with as much brevity as possible, state my reasons for this opinion.
The whole argument against the sufficiency of the declaration is founded upon a •petitipprincipii. It proceeds upon the assumption, that the deceit is mentioned, not as *568 a substantive allegation, but as an interest from the prov‘ol,s propositions, which is the very point in dispute, and the very thing to be proved. I hold it to be a sound rule; .and a rule which ought to govern the exposition of all writings, that where two constructions can be adopted, that ought to prevail which will avoid an absurdity. Considering this part of the declaration as a conclusion,- it is' nonsensical and ridiculous, because it is not warranted by the premises. What does it amount to, in this point of view.? The defendants sold him a printing establishment. They represented it as worth 3,000 dollars a year,When it was worth' nothing; therefore, they falsely and fraudulently deceived him, when, in fact, they might have' acted from error, misinformation, or negligence, as well as from impure motives. This conclusion; therefore, is not a Ilegitímate deduction; whereas, if it is considered ■in the light of a distinct, independent proposition, it will be perfectly compatible with the dictates of good sense, and will speak the following language: The defendants sold the plaintiff a printing establishment; they represented it as producing a large income, whereas, in truth, it produced nothing: They falsely and fraudulently deceived him in this negotiation, and sale. Wherefore, he' saith, he is made worse, and hath damage, &e. In order to constitute deceit, there must be a deceiver as well as á deceived; there must be two parties, as to the tort. Now, when the plaintiff alleges that he was falsely and fraudulently deceived by the affirmation of the defendants, is it not .tantamount to declaring, that he was the deceived person, as he was fraudulently deceived by their affirmation; that they were the deceivers, and that they fraudulently deceived him; and is not this all that is required to make good the declaration ?
■ It 'will not be. pretended, that it is essential, that an averment of deceit should be placed in a particular part of the declaration. If it is placed after the exordium, and
*569 before t'rfe general conclusion, it is sufficient. “ The aver-meat here is a distinct allegation, separate from, and unconnected with, the general conclusion) which is found only at the termination of the last count.”* The declaration, according to the defendants, would have three particular, and one general conclusion) an absurdity which can be easily avoided, by considering the assertion of deceit in its true light. But it is said, that the word so, is a word denoting an inference. This is not always the case. The adverb so is used in various senses. It sometimes conveys an inference, and sometimes refers to man-nor and_ quantity. It may mean, in such a manner, thus, therefore, for this reason, in consequence of this, in this manner, to such a degree. And, considered in one of these senses, it may be applied here to the modus or manner of the deceit. And so, or in this manner, says the plaintiff, I say or aver, that I was fraudulently deceived. Much less can the words by reason of be deemed to be invariably connected with a deduction. Coupled, as they are, with the affirmation of the defendants, and not applying: to the premises generally, they are to be considered as designating only the precise source of the fraud, to wit, the false affirmation of the defendants.
All actions were originally tried in the proper counties in which they arose.* The jury were presumed tobe acquainted with the facts in dispute, from their living in the vicinity of the place where this happened, and a venue is now used to point out the place where the cause is to be. tried, and from whence the jury are to come. It is necessary, in all eases where traversable matter is alleged, or where the inatter set forth affects the right of the action, to lay a venue. The averment of deceit, in this case, is connected with a venue, which is the allegation of traversable matter, or matter that involves the right of the suit. This is what eminently distinguishes this allegation from, a common conclusion, as annexed to tbfe *570 declaration, which contains no venue. On this occasion, 1 must, though with great deference, differ from the learned Chief Justice, who, in assigning- his reasons for the judgment of the supreme court, appeared to think the case of Harvey v. Young,† very analogous to the one before us. The declaration, in that case, laida colloquium' between the parties, and stated, that the plaintiff bought a term ofyears_ofthe defendant, who affirmed that it was worth 1501. to which affirmation the plaintiff, fidem adhi-' bens, did buy it for that sum; but could not sell it again for so much money, as was given at first, in fraud and deceit of the plaintiff, to his damage, &c. On not guilty pleaded, a verdict was found for the plaintiff, but the judgment was arrested, because the matter precedent did not prove any fraud, for it was but the defendant’s bare assertion, that the term was worth so much, and it was the plaintiff’s folly to give credit to such assertion. Here there was'no averment of fraud.
I am, therefore, of opinion, on the second ground) that the charge of fraud is sufficiently made; but I further think, that if there is any defect or imperfection in the statement of it, it is supplied or cured by verdict.
Motions in arrest ofjudgment, ought not to be countenanced on light grounds. What is good in arrest ofjudgment would have been good in demurrer. Courts of justice will not, therefore, encourage a man to lie by and take advantage of the mistakes of his adversary, after the cause has proceeded to a verdict, when the same result might have taken place, at an earlier stage of the cause, and thereby much vexation and expense have been avoided. The following observations were made by Lord Mansfield, and the other judges, in the case of Rushton v. Aspinall, (Doug. 678.) in relation to defects in declarations that are cured by a verdict. “ Where the plaintiff has stated his title or ground of action defectively or inaccurately, (because, to entitle him to recover, all circum *571 stances necessary in form or substance to complete the title so imperfectly stated, must be proved at the trial,) it is a fair presumption after a verdict that they were proved, but that, where a plaintiff totally omits to state his title or cause of action, it need not be proved at the trial, and there is, therefore, no room for presumption.” “ No proof at the trial can make good a declaration which contains no ground of action on the face of it. A verdict will not mend the matter, where the gist of the cause is pot laid in the declaration, but it will cure ambiguity;” and the Chief Justice, in his opinion in this case, (1 Johnson, 470.) says, “ A verdict will aid a title defectively set forth, but not a total defect of title.” The question then is, whether the plaintiff has set forth any title or ground of action, and to what extent. The gist of the action is fraud or deceit; and that the declaration does not charge the defendants with it, there can be no doubt. Though this charge may not be made conformable to the nice rules of pleading, yet it is so couched as to put the fact ofdeceit in question; and there can be no doubt, but that the jury, in making up their verdict, took into view the fraud that was practised.
Whether the objection to the plaintiff’s declaration would be good on demurrer, is not now the question. The allegations of the plaintiffs, taken together, amount to a direct, positive, and pointed averment of fraud, and if he has not conformed himself to the forms of pleading, he is now shielded by a verdict. The presumption, in cases of this kind, is always in favour of the finding of a jury, and courts of justice ought not, unless for cogent reasons, to turn a plaintiff round, and compel him to bring a new action for the assertion of his claims, when the right of the case, and the principles of justice and equity, are decidedly in his favour. They ought not to be astute in discovering flaws in his title, or in opposing obstacles to his rights. Though the system of pleading *572 may be denominated a science, and contains rational, concise, and luminous principles, well adapted to the elucidation of truth, yet it must be observed, that it originated in a Gothic age, when the light of genuine knowledge had shed but feeble rays upon mankind, when the jargon of schoolmen had infected every branch of science, and when the subtleties of a false logic had completely bewildered the human understanding. Though purified and refined by the extension of knowledge, yet it still partakes, in some degree, of its original character. Distinctions without a difference, subtleties which puzzle and perplex, without enlightening the mind, a minute, a servile observance of forms, and attention to words, without a due regard to ideas and matters of substance, are evils which ought to be banished, from our courts of justice ; they, at least, ought not to be countenanced in this court of dernier fesort.
As to the subordinate points which have been suggested, I have no doubt but that all the counts in the declaration, are good. Samuel B, Malcolm, one of the defendants, was the partner and joint owner with the other defendant. Any acts done by him, or the men in their employ by his countenance, as stated in the declaration, might be imputable civiliter to both the defendants. It is not, therefore, necessary to pursue the topic of inquiry; but if it were, I should not hesitate to say, that if one of the counts were bad, and the others good, the judgment ought to be arrested on a general verdict. This rule is too well established to be shaken by this court: If any inconvenience exists, the remedy is with the legislature.

 Cro. Jur. 431 Roll. Ab. 90.

 2 Caines, 161. 1 Johnson, 414. Cro. Car. 630. Doug. 20.

 3 Saund. 368. n. c.

 3 Term, Rep. 51. 3 Buls. 95.

 Cro. Jas. 4.

 Livingston, J. 1 Johnson, 463.

 Livingston, J. 1 Johnson, 466.

 5 Bacon, 321.

 Yelv. 21.