The declaration contained but one count, which was for taking sundry goods of plff., to wit: beds and furniture; table; chest; hogs; sheep; cow; colt and one-third of four and a half stacks of fodder.
The plff. had a verdict for $91 50, the value of the property claimed; whereupon, Frame moved in arrest of judgment.Frame for deft. This is an action of replevin. The plea isnon cepit. The property claimed is (inter alia,) one-third of four and a half stacks of fodder. Replevin will not lie for the part of an undivided chattel. This action is for the taking a chattel; for a wrong to the possession. It goes for a restoration of the chattel in specie; to recover the lost possession. It follows from the nature of the remedy that it cannot lie for an undivided part of a chattel, for specific possession cannot be had of such a share; nor can any delivery of it be made. The sheriff is commanded to deliver possession of the thing; he cannot divide it, for his functions are ministerial merely, and not judicial; neither can he deliver the whole, for that would be a wrong to another. No judgment therefore can be rendered on this verdict.
Layton for plff. The deft. should have demurred if this objection be good. But it is not good. He has pleaded property,
as well as non cepit. By this plea the parties agree what property is intended. We do not go for a return, but for damages on account of the taking and detention. Detinue is the only action wherein the specific chattel can be recovered. 2 Saund; 1Chitty 162. After verdict judgment shall not be arrested for error in the form of action. 8 D. L. 48.
Frams in reply. We do not object to the uncertainty of the description of the property, but that the action is brought for a species of property that cannot be recovered in this form of action.
 Cur. adv. vult. a
The Court at the April term following refused to arrest the judgment. Judgment for plff.
a in actions ex delicto, if a party who ought to be joined, be omitted, the objection can only be taken by plea in abatement, or by apportionment of damages at the trial; and deft. cannot as in actions ex contractu give in evidence the non-joinder as a ground of nonsuit on the plea of the general issue, or demur, or move in arrest of judgment or support a writ of error, though the non-joinder appear on the face of the declaration. 1 Oh.Pl. 57. note 2. But in an action of replevin brought by one part owner of a chattel after verdict for plff., the judgment was arrested. Cites Hart vs. Fitzgerald. 2 Mass. Rep.
589.
Replevin — 2 counts. 1. for A's undivided right in 450 spruce logs. 2nd. for the undivided half of 450 spruce logs. Deft. avows the taking and that the logs were the property of A., B. and C. as tenants in common, and that he had attached B's right or 1/4. Verd. for plff. Judgment arrested. Parsons Ch. Jus. In contracts where one sues where the contract was with two, the deft. may take advantage of it on the general issue without pleading it; a fortiori if it appears from the plff's own shewing. In tort for injury to a chattel where there are several joint owners and one sues it cannot be taken advantage of on the general issue, but must be pleaded in abatement even if it appears on the plff's own shewing, for defts. may waive it. 6 Term. R. 766. Here the writ claims an undivided moiety. In trespass or case damages are given. In replevin the chattel is to be delivered as well as damages recovered. This chattel is not capable of severance and the whole or none must be delivered. If the whole, he gets a part in which he claims no property. There is no case where a part owner has brought replevin for his undivided part only. There is a strong distinction between trespass where damages are sought, and replevin where possession is claimed. Judgment arrested.
9 Mass. R. 427. Gardner vs. Dutch. Replevin for 76 bags of coffee shipped and stored with other bags, none being marked or numbered. A receipt had been given for 76 bags, weighing 8991 lbs. They were not marked or separated from the other bags. Verdict for plff. Per Cur. If the plff. was tenant in common with W. and R, he could not maintain replevin for his undivided share. But he was not a tenant in common. He might have had the number of bags and quantity of coffee though the bags were not marked.
It appears therefore that replevin will not lie by the part owner of an undivided chattel; and, although not pleaded in abatement, advantage may be taken of it on motion in arrest of judgment, where the defect appears on record. Bed quere if a count in a narr contains a sufficient cause of action connected with matter not actionable if it will not be intended, after verdict, that the damages were given only for the part that is actionable and the judgment will not be arrested.
Gould. 195. A declaration, though only of a single count, may be good as to part and ill for the residue; and, if the whole be demurred to, the plff. may have judgment for the part good.
In slander where any of the words are actionable judgment will not be arrested though the other words are not. It will be intended that the damages were given for the actionable words. Cro. Eliz. 328, 788; Archb. PL 196; 1 Chitty Pl. 384; 2 Saund. 171.a. After verdict the court will intend that damages were only given for the actionable part of the declaration. This was an action for cutting a canal through the plff's. land and overflowingthe same by leaks, c. and stopping water courses. Thecutting was authorized by law. General damages were given and the verdict was sustained. There was only one count in the narr. 2Johns. R. 283, Steele vs. Western Loch NavigationComp.
With respect to actions of tort such as trespass quare clausum,
or for taking goods, trover, case for malfeasance, or misfeasance and such like actions of tort, it seems fully and clearly established that if one only of two or more joint-tenants, parceners, tenants in common, partners, executors, assignors of bankrupt and others who regularly ought to join, bring any such
actions, the deft. must plead the omission in abatement and cannot give it in evidence on the general issue, or in any other way, or by pleading in bar or in arrest of judgment or though the matter be found specially or appear on the face of the declaration or any other pleading of the plff. 1 Saund. R. 420 [219, b. 291. a. n. 4.] 6 T. R. 766, Addison vs. Overends.
If divers considerations be mentioned in one assumpsit and one is void and the others good, and damages given ratione premissorum, it shall be intended damages were given only for those that are good. 1Ld. R. 146, 239.
In a single count with two allegations of damage, one actionable and the other not, the court will intend that damages were given for the actionable part. 2 Johns. 286-7.
Courts of justice will not encourage a man to lay by and take advantage of the mistakes of his adversary after verdict, when the same result would have taken place at an earlier stage. 2 Johns.
571; Cro. Jac. 664; 2 Strange 1094; 1 Salk. 129, 364; 1 Days Cases in error 30.