Foster v. Bigelow.

Reversed.

---

FOSTER v. BIGELOW *et al.*

Estoppel: FAILURE TO ASSERT TITLE. Where a person holding title to real estate withholds his deed from record, and fails in any other manner to make known his right or title, but permits his grantor to claim the ownership of the land and to sell it to another, who takes possession thereof, under claim of ownership arising from such purchase, and erects thereon valuable improvements, with the knowledge and without any objection on the part of the real owner, the latter will, in equity, be estopped from afterward setting up the title which he has so long concealed.

Foster v. Bigelow.

*Appeal from Muscatine District Court.*

WEDNESDAY, MAY 6.

THIS action was brought to recover the possession of a town lot in Moscow, Muscatine county, the plaintiff claiming the ownership thereof in fee simple. The defendant Bigelow, in his answer to the petition, avers that he went into the possession of the property under a parol contract with a son of plaintiff, Leonard B. Foster, who claimed to be the owner, and exhibited his title deed of the property to the defendant, with the privilege of purchasing it within a certain time and at an agreed price. Within the time fixed, defendant Bigelow accepted the terms of the contract and ·paid Leonard B. Foster a part of the purchase-money, and thereafter remained in possession of the property, claiming the ownership thereof and making valuable improvements thereon. That, within the time fixed by the contract, he tendered to said Leonard B. Foster the balance of the purchase-money and demanded a deed for the property. The money was not accepted nor the deed executed. Leonard B. Foster brought an action against defendant for the recovery of the possession of the lot; the above stated facts were set up as an equitable defense, and upon the final hearing a decree was rendered sustaining the defendant's title to the lot, the defendant having paid into court the balance of the purchase-money. It is also averred, that plaintiff had knowledge of the contract of purchase, the possession of defendant under claim of title, the fact of his making valuable improvements and the pendency and final termination of said action, and that he permitted, encouraged and connived, at the claim of ownership made by his son to said property. The plaintiff claimed title to said property under a deed from his

said son, which he withheld from record until the termination of said suit.

The defendant Bigelow has sold the property to his co-defendant Gerard, and executed a title bond therefor. Defendant Gerard, in his answer, claims the ownership of the property under the title bond, and avers that he had no notice of plaintiff's interest before his purchase.

The cause was transferred to the chancery docket, and upon a trial, a decree was rendered, dismissing plaintiff's petition and confirming defendant's title to the property. Plaintiff appeals.

*Cloud & Broomhall* for the appellant.

Cited, *Lyman* v. *Cessford*, 15 Iowa, 232; *Wright & White* v. *Wheeler*, 14 id. 13; *Johnson* v. *McGrew*, 11 id. 151; *Culbertson & Reno* v. *Luckey*, 13 id. 13; *Suiter* v. *Turner*, 10 id. 517; *Fifield* v. *Gaston*, 12 id. 219.

*Richman & Carskadden* for the appellee.

If any person by his conduct or gross negligence, encourage or influence the purchase of property, when he holds title thereto himself, it will operate as an estoppel. 1 Story's Equity, § 386. And again: if a person, having a conveyance of land, keeps it secret for several years, and knowingly suffers third persons afterward to purchase the premises of his grantor, who remains in possession, and is the reputed owner, and to expend money on the land without notice of his claim — he will not be permitted to assert his legal title against such innocent purchasers. Id. § 389. In the present case the plaintiff concealed his title, allowed his son to act as the owner, and suffered the defendant to be deceived, and he cannot now assert his title. *Lucas* v. *Hart*, 5 Iowa, 415, and cases there cited; 2 Sugden on Vendors, 1022 (margin) and note (1); *Gatling* v. *Rodman*, 6 Ind. 289.

McCormick v. Grundy County.

BECK, J.— Without a statement in detail, of the evidence, it will be sufficient to state our conclusions after a careful examination of the record. They are as follows: Bigelow's contract with plaintiff's son for the purchase of the property and his possession thereof, under that contract, are satisfactorily established by the evidence.

*ESTOPPEL: failure to assert title.*

·The plaintiff, for more than seven years after the execution of the deed to him by his son, under which he claims title to the property, failed to assert that title and withheld his deed from record. During this time the lot was in the possession of his son and the defendants, all claiming ownership, and valuable improvements were made upon it by Bigelow; and a suit was prosecuted by the son claiming title in himself, against Bigelow, for the property. No explanation is given by plaintiff of his long silence as to his title. Considering all of the evidence together we are brought to the conclusion, that the plaintiff had knowledge of the possession of Bigelow and the improvements made by him under a claim of title, and of the pendency of the action against him by the son.

Plaintiff's silence as to his title, his acquiescence in the possession of the defendants and his passive permission of the improvements, will, in equity, estop him from setting up the title he has so long failed to assert, if, indeed, he has not purposely concealed it. *Lucas* v. *Hart*, 5 Iowa, 415; 1 Story's Eq. Jur. §§ 385, 389. .

The decree of the District Court is

Affirmed.