## George H. Beatty v. Bernard Sweeney and others.

*Equity jurisdiction: Misrepresentations: Fraud: Ignorance.* Where one who is applied to as the owner of lands, by one who wishes to purchase, disclaims title and represents another to be the owner, and countenances and encourages a dealing with such other person on the footing of his being the owner, and represents that the latter will convey in accordance with a previous agreement with himself for such sale, whether he was aware of his rights to the land or not, equity will, in the absence of equitable circumstances of a countervailing character, compel a release for the benefit of the party misled; ignorance of his rights, on the part of one thus misleading, will be regarded in such a case as his own fault or misfortune.

*Subsequent dealings: Superior equity.* Persons dealing subsequently with one who has thus misled another, while the latter is in possession, held not to have acquired a superior equity.

*Heard October 24. Decided November 23.*

Appeal in Chancery from Macomb Circuit.

*D. C. Holbrook,* for complainant.

*R. P. & J. B. Eldredge* and *Giles Hubbard,* for defendants.

GRAVES, J.

This is an appeal from a decree dismissing the bill, on pleadings and proofs.

The substance of complainant's case, as stated in his bill, is, that defendant Kibbee, being the owner of the west half of the west half of the southeast quarter of section thirty-two, in town two north, of range thirteen east, in this state, verbally bargained with complainant to sell it to him for five hundred and seventy-eight dollars; that, afterwards, complainant applied to defendant Kibbee to complete the trade, by payment and conveyance, when the latter informed him that his brother, Henry C. Kibbee, held the title, and would carry out the agreement, and directed complainant to call on him, which complainant did, when Henry C. Kibbee confirmed the representations of Porter Kibbee, and made con-

26 MICH.—28.

veyance to him by warranty deed, dated November 10, 1865, for the agreed consideration of five hundred and seventy-eight dollars, which complainant paid to him; that complainant, believing he had acquired the legal title, put this deed on record, and has been in actual and open possession since that time, and claiming to be the owner under the conveyance;

That, subsequent to the verbal agreement for the purchase, and before the conveyance to complainant, the defendant, Porter Kibbee, intending to convey this parcel, with other lands, to one Jerome, made his deed covering the other lands only, and that Jerome thereafter, by deed dated August 1862, in the handwriting of defendant Kibbee, assumed to convey this parcel, with the others, to Adeline E. Kibbee, wife of Henry C., and that, prior to 1864, and before the deed from Henry C. to complainant, she died, leaving a will, which was proved, and by which the land in controversy was devised to Henry C;

That, subsequent to the conveyance by Henry C. to complainant, and while the latter was in open visible possession and claiming to be owner under the deed from Henry C., the defendant, Porter Kibbee, by deed dated January 18, 1867, assumed to convey the land to the defendant Sweeney, a near resident, who asserts title under that deed;

That Sweeney gave a mortgage on the land for twelve hundred dollars of the purchase price, which is now held by defendant Butler, under assignment from defendant Porter Kibbee, and claimed by Butler to be a valid encumbrance on the property;

That the defendants were apprised of complainant's situation and rights, and that the deed from Porter Kibbee to Sweeney, and the transaction out of which it grew, were intended, by the parties to it, to defraud complainant and defeat his title.

The answers deny the material facts, and set up various

matters in explanation of unpleasant appearances. They also claim that Sweeney and Butler are in a situation to give them superior, or at least equal, equities.

An attentive examination of the record has led to an opinion at variance with that formed by the court below.

Several matters appear in the case which serve rather to throw a faint light upon the remote sources and motives of the controversy than to furnish real grounds for a determination. And it seems scarcely possible to peruse the record without feeling that the defendant, Porter Kibbee, is in a position to give explanations which he has not deemed it prudent to disclose. The evidence, in some particulars, is flatly contradictory, and some portions of it are too unreasonable to inspire belief. But, without detailing the matters stated by the various witnesses, the whole evidence, on being weighed and balanced, and after drawing all reasonable inferences, may be considered as substantiating the following propositions:

*First,* That while the defendant Porter Kibbee held the title, he verbally agreed with the complainant to convey to him for five hundred and seventy-eight dollars;

*Second,* That, shortly before the 10th day of November, 1865, the defendant Porter Kibbee, on being applied to by complainant to execute the agreement, informed him that the title was in his brother, Henry C. Kibbee, and that the latter would carry out the verbal agreement, and convey accordingly;

*Third,* That complainant believed this information to be true, and proceeded to act upon it, and accordingly paid to Henry C. Kibbee the agreed consideration, and received his deed for the land, dated November 10, 1865;

*Fourth,* That complainant has been in actual visible possession since that time, claiming title under the grant from Henry C. Kibbee;

*Fifth*, That defendant Porter Kibbee, by deed dated January 18, 1867, assumed to convey the same land to defendant Sweeney, and took back a mortgage for twelve hundred dollars, and afterwards, in form, and upon the same day, assigned the mortgage to defendant Butler, and that all these parties claimed, when these transactions occurred, and still claim, such grant and mortgage to be valid and effectual as against complainant, and now insist upon them;

*Sixth*, That Sweeney had actual notice when he took the deed from Porter Kibbee, that complainant was in possession, and that he claimed title;

*Seventh*, There is no evidence that Butler, who claims to have bought the mortgage the day it was given, has ever paid any thing for it.

Now, these circumstances, without going further, are fully sufficient to raise an unquestionable equity in favor of complainant, and to authorize and require the court to interpose actively for his relief.

It is not merely a rule of justice, but settled and familiar doctrine, that, if an owner stands by and knowingly suffers an innocent person, without giving him notice of his title, to purchase his property, and to be misled by his silence in not asserting that title, a court of equity will treat it as a fraud upon the purchaser, and enjoin the positive assertion of that title; and where the person subsequently insisting upon an interest or title, as one which had all along been in himself, was not merely inactive, but actually disclaimed title and represented another to be the owner, and countenanced and encouraged a dealing with such other person on the footing of his being the owner, and moreover gave it to be understood that such other person would convey, in order to carry out a previous agreement for a sale made by the party so representing, the equity is stronger; and whether the misleading party was

aware of his rights or not, the court will consider his want of knowledge, even if he was ignorant, as his own fault or misfortune, in the absence of equitable circumstances of a countervailing character, and will compel a release for the benefit of the party misled.—*1 Story Eq. J.*, §§ *387, 388, 389; 2 Story Eq. J.*, § *1538; 2 Lead. C. in Eq.*, note to *Basset v. Nosworthy; Savage v. Foster, 9 Mod., p. 35; Wendell v. Van Rensselaer, 1 Johns. Ch., 344; Storrs v. Barker, 6 Johns. Ch., 166; Dougrey v. Topping, 4 Paige, 94; Niven v. Belknap, 2 Johns., 573; Dennison v. Ely, 1 Barb., 610; Tilton v. Nelson, 27 Barb., 595; Wood v. Seely, 32 N. Y., 105; Breidert v. Vincent, 1 E. D. Smith, 542; Burrowes v. Lock, 10 Ves., 470; Swain v. Seamens, 9 Wall., 254; Smith v. Sheeley, 12 Wall., 358; Lucas v. Hart, 5 Iowa, 415; Foster v. Bigelow, 24 Iowa, 379; Peabody v. Leach, 18 Wis., 657; Wells v. Pierce, 7 Foster, 503.* The principle is clear and direct in its application to Porter Kibbee, and the other defendants do not appear to hold positions which exempt them from its operation.

The decree below should be reversed, and one entered requiring the defendants to release. The complainant should recover his costs of both courts.

The other Justices concurred.