JUDGE ELLIOTT
delivered the opinion of the court.
This was an action at law brought by appellant for the recovery of a tract of land to which he claimed to have the legal title, but.of which the defendant was in possession without right.
The appellee, who was the defendant, answered and denied that the appellant was either the owner or entitled to the possession.
In another paragraph of his answer he alleged that appellant had been the owner of the land in dispute, but that in 1863 the land had been sold under execution levy, on a judgment debt which plaintiff and others owed Pierce, Tolle & Co., and that one George Orear had bought it at the execution sale. Appellee alleged further that after Orear’s purchase of the premises in dispute, he informed appellant that if he did not wish to purchase back or redeem the premises from Orear, he (appellee) would like to do so, whereupon appellant informed appellee -that he could not repurchase or redeem the land, but for him to do so, and perhaps he could pay for half of it.
Appellee says that at appellant’s solicitation he purchased the land of Orear in the year 1863, soon after its sale under execution, and the same was conveyed to him by Orear and wife.
On these issues the suit was transferred to equity on appel-lee’s motion and against appellant’s objection, and, on hearing, judgment was rendered in appellee’s favor, from which appellant has appealed.
*195 For appellant it is insisted that the court erred in its transfer of the legal issue to equity.
There can be no doubt but that where both legal and equitable issues are formed in a suit, the court should transfer the equitable issues only to the equitable docket, because if the equitable defenses fail, the parties are entitled to the verdict of a jury on the legal issues made between them. But although the court may have improperly transferred the legal issues with 'an equitable issue to the equity docket, yet if the court is of opinion that the equitable issue is in the defendant’s favor, and that issue is a full defense to the action, and so adjudges, its refusal to retransfer the legal issues to the ordinary docket is not a reversible error, because the plaintiff has been defeated, and there is nothing to try at law.
The material questions in this case are, therefore, whether the second paragraph of defendant’s answer made an equitable defense, and, if so, was the defense sustained by the evidence in this record?
Mr. Bigelow, on page 603 of his work on Estoppel, says that “ It has been held that the doctrine of estoppel by conduct, where the subject of the representation is real estate, or property which can only be passed by deed, is not available in a suit at law.” And in support of this position he cites McPherson v. Walters, 16 Ala. 714; Smith v. Mundy, 18 Ala. 182; Hamlin v. Hamlin, 19 Maine, 141; Knight v. Wall, 2 Dev. & B. 125; 44 Ill. 302; 1 Hill, 17; Í6 Pick. 460; 24 Iowa, 379, and other authorities.
In these eases the doctrine is clearly asserted, that “ If any one having the title to land induce another to purchase it from one who has no title, it is very certain that the legal owner can not be permitted afterward to assert his title and defeat the purchaser.” But in one of these cases the learned judge goes on to say: “ The title to land can pass only by deed, and an estoppel at law, which works a divestiture of title; can be *196 created only, in my opinion, by as high evidence. I have looked with some care into the English cases, but I have not found one in which a plaintiff at law was held to be bound by a parol estoppel when the subject-matter was such that the matter could pass only by deed. If the title could pass by delivery or parol, then a party shall be bound by a parol estoppel, and can not be permitted, after he has induced a party to act upon a supposed state of facts, to show that these facts are untrue, to the prejudice of him who has acted on the representations.”
It is true that Mr. Bigelow admits that there is American authority in favor of the position, that an equitable estoppel as to land is available at law, but that the weight of authority is against it. It is also said that “ Whether the conduct proved will work an estoppel, is a question of law for the court to determine.”
We conclude therefore that the second paragraph of appellee’s answer set up matter of equitable defense, and whether that defense had been sustained, was a question for the court and not for a jury, and if the court decided correctly on that issue, the appellant was not injured by the court’s refusal to transfer the other issue to the common docket.
From the evidence in this record we are of opinion that the appellant’s land was sold by the sheriff of Montgomery County on an execution emanating from a judgment in favor of Pierce, Tolle & Co. v. him and others, and that Orear bought it at the sheriff’s sale. We are also of opinion that the evidence preponderates to the conclusion that the appellee was induced to purchase the land from Orear by the statements of appellant that he could not redeem it, and he should not therefore set up any claim against his title.
The evidence of appellee is positive to this effect, and he is corroborated by the evidence of Mrs. Orear, that appellant after Orear’s purchase at execution sale, rented the land of him. *197 This evidence, added to the established fact- that after appellee’s purchase, appellant voluntarily moved out of possession and let appellee move in, leaves but little room for doubt that appellee purchased the premises in dispute at appellant’s solicitation, or that at least appellant assured him before his purchase that the land was gone from him, and that he should not set up any title to it, and the proof is ample that appellee purchased and paid Orear for the land, and that it was conveyed to him by Orear and wife, whose deed has been destroyed by fire as well as the record of it.
The court therefore properly dismissed appellant’s petition, and that judgment is therefore hereby affirmed.