## SCHLAWIG v. FLECKENSTEIN *et al.*

Mortgage: FORECLOSURE: NO NOTICE: REDEMPTION: ESTOPPEL. Plaintiff's homestead was sold upon the foreclosure of a mortgage ·without legal notice to him of the foreclosure suit. It was bid in by defendant F., the mortgagee, and in due time a sheriff's deed was made to him. Plaintiff, however, knew of the decree and sale eight months prior to the expiration of the time for redemption, and he made no claim that the foreclosure and sale were invalid for want of notice, but, on the other hand, treated them as valid, and negotiated with F. for an extension of the time for redemption. He knew, also, that his family had moved out of the house and that F. had moved in, and he stood by and saw F. and his grantees, the other defendants, make valuable improvements upon the property, without asserting his rights by reason of the want of notice. *Held* that he was estopped from afterwards asserting that fact as a basis for an action to redeem.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

FILED, JUNE 2, 1890.

Schlawig v. Fleckenstein.

ACTION in chancery to redeem from a decree of foreclosure and sale thereon of the property mortgaged, on the ground that plaintiff was not served with notice of the foreclosure proceedings. There was a decree dismissing plaintiff's petition. He now appeals to this court.

*O. C. Treadway* and *Argo & McDuffie*, for appellant.

*Murphy & Fort* and *Marks & Mould*, for appellees.

BECK, J.—I. The plaintiff seeks in this action to establish his right to redeem from a decree of foreclosure of a mortgage, and a sale thereon. The mortgage was executed by himself and wife to defendant Fleckenstein, and was foreclosed, and the real estate in controversy was sold to the mortgagee, upon a decree rendered in 1879, the mortgagee becoming the purchaser. A sheriff's deed was executed to the purchaser at the sale, after the expiration of the time for redemption; and thereupon he went into possession of the property. Plaintiff seeks to redeem on the ground that, as he was not served with original notice of the commencement of the suit, he is not bound by the decree.

II. The return of the notice shows that service was made upon plaintiff, and the district court did not, upon evidence other than the return of the notice, adjudge that service was made upon him. Evidence *de hors* the record tends to show that plaintiff was not served with notice. Upon the condition of the record before us, we assume that no service was in fact made. We shall not discuss the rules of the law and the facts applicable to the question of service and the validity of the decree, but will assume, for the purpose of the case, that the plaintiff is not cut off by the decree alone from redeeming under the mortgage and decree.

III. In our opinion, the plaintiff, by his acquiescence in the decree and other conduct, is now estopped

to resist the decree and claim that it is invalid. The plaintiff, before the foreclosure proceeding was commenced, had gone to the Black Hills, in Dakota, and became engaged in mining. He left his family, consisting of his wife and five children, occupying the property, which was, or a part of it at least, plaintiff's homestead. This was in 1876. He returned to Sioux City, where the property is situated, in 1879, but went back to the Black Hills before the foreclosure suit was commenced in that year. He had correspondence all the time, but at long intervals, with his wife, and visited his home once a year, except for the last two or three years prior to the trial, when he did not make his annual visit. He admits that he knew the property had been sold upon the decree eight months before the time of redemption expired. He knew that his family had moved out of the house, and defendant Fleckenstein had moved into it. He wrote to defendant, asking indulgence, and to others to obtain it from defendant, and made promises and propositions to redeem from the sale. He furnished money to another to purchase a junior mortgage, and caused an action to be brought to enforce the right of redemption under it; but that action failed. These, and other facts, tended to show that plaintiff had acquiesced in, or submitted to, the decree of foreclosure and the sale, and had no purpose of resisting or contesting defendant's right acquired thereunder. The defendant Fleckenstein, from the facts known to him, the surrender of the possession by plaintiff's family, his request for them to redeem, and some other circumstances, was authorized to believe that plaintiff did not intend to resist his right acquired by the purchase of the property, but had abandoned it. Resting in this belief, he sold and conveyed parts of the property. The purchasers are made defendants to the action. They had no reason to believe that plaintiff would make any resistance to the title they acquired; on the contrary, they were authorized to believe that he would not.

Schlawig v. Fleckenstein.

The defendants, while relying upon plaintiff's acquiescence in the decree and sale of the property, made improvements on the lots, some quite valuable, among them a house costing three thousand dollars. Plaintiff so acted as to induce the defendants to believe that he made no claim to the property, and had abandoned it, surrendering it to Fleckenstein, the holder of the superior title. Acting upon this belief, they had made valuable improvements on the lots, with the knowledge of plaintiff. It appears clear that plaintiff had knowledge of the improvements at the time of their construction. It appears that some alterations and improvements were made on the buildings soon after Fleckenstein went into possession of the property. He built the house, costing three thousand dollars, in 1882. Plaintiff, as he testifies, was in Sioux City for three or four months after the seventeenth of July, 1881, when he returned to the Black Hills. He came back at Christmas, and staid until spring in Sioux City, and returned again to Sioux City in November, 1882, remaining until the following March or April, when he returned to the Black Hills. During the time he was in Sioux City, in 1881, 1882, 1883, the changes upon the houses and the improvements upon the lots were in process of construction. Plaintiff was literally standing by, and witnessing the construction of the buildings and improvements upon the lots which he now claims, without a word of protest or objection thereto. The law will estop him to set up a claim to the property, and seal his lips so that he can utter no complaint. He should have proclaimed his interest and claim, so that defendants would have been warned of the danger threatened to their claim of title. *Lucas v. Hart*, 5 Iowa, 415; *Foster v. Bigelow*, 24 Iowa, 379; *Bullis v. Noble*, 36 Iowa, 618; *Macomber v. Peck*, 39 Iowa, 351. We conclude that plaintiff is estopped to dispute defendant's title to the land, and that the court below rightly dismissed his petition.

AFFIRMED.