CHARLES A. PHILLIPS vs. SARAH L. BROWNE *et al.*

PROVIDENCE—MAY 4, 1897.

PRESENT : Stiness, Tillinghast and Douglas, JJ.

A. owned real estate on which B. did work and furnished materials under contract with A. Pending the same, A., without B.'s knowledge, conveyed the property to C., who did not record the conveyance until after B. had completed the work and A. had died. Subsequent to the conveyance C. gave instructions about the work from time to time as if by A.'s authority. The estate of A. was insufficient to pay in full B.'s claim for the work and materials:

*Held*, that it was C's duty to have notified B. of the change of title, in order that he might have protected himself by appropriate process against the property.

*Held*, further, that C. was estopped from setting up her title to the property adversely to B.'s claim for reimbursement out of it.

*Held*, further, that while her title might be good as to other parties, it could not defeat B.'s right to levy upon the land as if it were still A.'s property.

At the time of the conveyance there was an outstanding mortgage upon the property ; C. executed a second mortgage for the same amount to D. and therewith paid the prior mortgage.

*Held*, that D.'s security was simply substituted for the first mortgage.

*Held*, further, that if the new mortgage were set aside the old one should be revived, and therefore B. had no superior equity to D.

BILL IN EQUITY to establish and enforce a lien on real

estate for labor and materials furnished. Heard on bill, answer and proofs.

PER CURIAM. The bill does not charge actual fraud, and we are convinced that no intent to defraud the complainant existed in the minds of the defendant Browne or of the late Henry Pitman. All the parties evidently had confidence in Mr. Pitman's ability to pay his debts at maturity, and it seems almost certain that this confidence would have been justified but for his untimely death.

But the circumstances of the case, as they appear from the pleadings and proof, we think, entitle the complainant to equitable relief. The land upon which he was expending labor and materials was conveyed to the defendant, Mrs. Browne, without his knowledge, and he continued his outlay, supposing it was still the property of Pitman, and available, if needed, for his debts. The grantee neither recorded her deed nor informed the complainant of the change of ownership, but continued to give instructions from time to time about the work, as if by Pitman's authority. We think it was her duty to notify the complainant of her title, that he might have made arrangements with her for payment of the accruing balances due him, or proceeded to get security by lien on the property which had been conveyed away from Pitman, or otherwise. The conveyance was a circumstance which was important to him to know in dealing with the property, and which equity required the defendant to communicate to him before receiving the benefit of his labor and materials. Having permitted him to suppose that the land belonged to Pitman, and on that supposition to expend upon it labor and materials, she is estopped to set up her title adversely to his claim for reimbursement out of it. Though her title may be good as to other parties, it would be contrary to good conscience to permit her deed from Pitman to defeat the complainant's right to levy upon the land, as if it were still Pitman's property. *Wendell* v. *Van Rensselaer*, 1 John. Ch. 343 ; *Trenton Banking Co.* v. *Duncan*, 86 N. Y. 221, 229. In the latter case the general principle where purchasers are concerned, which is supported by innumerable authorities,

is applied to the case of a creditor as follows : "In this case the plaintiffs are creditors, but we see no reason why the same principle should not protect creditors who have given credit upon the faith of the apparent ownership of property in possession of the debtor, against a secret unrecorded conveyance, fraudulently concealed by the grantee ; *as when, with knowledge that the debtor is holding himself out as owner, and is gaining credit upon this ground, he keeps silence, giving no sign.*" See, also, 1 Story Eq. Jur. §§ 384, 385, 389 ; Bigelow on Frauds, 16, 17 ; 2 Herman on Estoppel, § 773, § 940, No. 3 ; *Cawdor* v. *Lewis,* 1 Younge & Coll. 427 ; *Brinckerhoff* v. *Lansing,* 4 John. Ch. 65 ; *Perry-Herrick* v. *Attwood,* 2 De. Gex & J. 21 ; *Pickard* v. *Sears,* 6 Ad. & E. 469 ; *Gregg* v. *Wells,* 10 Ad. & E. 90, 98 ; *Beatty* v. *Sweeney,* 26 Mich. 217 ; *Woods* v. *Wilson,* 37 Pa. St. 379, and cases cited on p. 384.

The security held by the defendant bank was simply substituted for the mortgage for the same amount given before the advances for which the complainant now sues. If the new mortgage were set aside, equity would require that the old one should be revived. The complainant has no superior equity to the defendant bank.

We conclude that the complainant is entitled to a decree giving him a lien upon the lands in question for the payment of the balance due on Pitman's note, subject to the mortgage lien of the defendant bank, and that the defendant bank is entitled to be dismissed with costs.

*Stephen A. Cooke and Louis L. Angell,* for complainants.
*Arnold Green and Theodore F. Green,* for respondents.