SATOVSKY *v.* SATOVSKY.

S<small>PECIFIC</small> P<small>ERFORMANCE</small>—E<small>STOPPEL</small>.
> Where the vendees in a land contract participated with the vendor in a subsequent sale of the property to another, they were thereby estopped from specifically enforcing their contract.

Cross-appeals from Wayne; Johnson (Clayton C.), J., presiding. Submitted October 22, 1926. (Docket No. 70.) Decided January 3, 1927. Rehearing denied April 1, 1927.

Bill by Harry Satovsky and others against Max Satovsky and Clayton A. Grinnell for specific performance of a land contract. Defendant Satovsky filed a cross-bill for affirmative relief against defendant Grinnell. From a decree dismissing the bill and cross-bill, plaintiffs and defendant Satovsky appeal. Affirmed.

*William Henry Gallagher,* for plaintiffs.

*Percy W. Grose, Howard H. Colby,* and *Bernard P. Costello,* for defendant Grinnell.

C<small>LARK</small>, J. After reading, carefully, the record, especially the testimony of the plaintiffs, we adopt the opinion of the trial judge.

"The bill of complaint in this cause is filed for specific performance. On the 9th day of May, 1914, Max Satovsky, one of the defendants, purchased the premises described in the bill of complaint from Sarah Austin, under a land contract. On the 25th day of June, 1918, the said defendant Max Satovsky entered into an agreement with Clayton A. Grinnell, one of the defendants herein, to exchange said described real

---
Specific Performance, 36 Cyc. p. 575 (Anno).
237—Mich.—17.

estate with the said Grinnell for a parcel of land located at 1037 St. Aubin avenue, in the city of Detroit. That said defendant Max Satovsky refused to carry out said agreement, and said Grinnell filed his bill of complaint in this court on the 22d day of November, 1919, to compel the said defendant Max Satovsky to execute said conveyance and exchange said property. That said cause came on to be heard in this court and a decree was entered in favor of the said plaintiff Grinnell on the third day of November, 1919, declaring said Grinnell to be entitled to specific performance of the contract sued upon, and to have a conveyance of the premises described in said bill of complaint in that cause, which were the same premises described in the bill of complaint in this case.

"That on the 5th day of July, 1921, the plaintiffs, Harry Satovsky and Samuel Rubin, and his wife, Bertha A. Rubin, filed a bill of complaint in this court alleging ownership in themselves of the premises involved in this controversy, under a land contract which they had taken from Max Satovsky and praying for specific performance thereof, and claiming that upon the same day upon which Max Satovsky purchased said premises, to-wit, May 9, 1914, that he made, executed and delivered a land contract thereof to the plaintiffs in this case. The plaintiffs claim that all payments made on the Austin contract were made to Mrs. Austin, or her lawful agent. This is denied by the defendant Grinnell, and I do not deem it necessary to decide this fact in my decision of this case.

"It appears to the court that at the time said Max Satovsky purchased said premises, the plaintiffs, Harry Satovsky and Bertha Rubin, son and daughter of Max Satovsky, were residing with their parents, namely, Max Satovsky and wife, and the said Harry Satovsky was then a minor. The evidence further shows that when payments were made on the contract executed by Sarah Austin to Max Satovsky, that such payments, when so made, were indorsed upon the contract entered into between the said Max Satovsky and Sarah Austin, and that they were later copied upon the contract alleged to have been made by Max Satovsky to the plaintiffs herein.

"I further find from the evidence that Harry

Satovsky, by his acts and conduct, as well as those of his principals, was the agent of Samuel and Bertha Rubin in all things pertaining to said matter. I further find that the evidence in this case shows that immediately prior to June 25, 1918, the said defendant Clayton A. Grinnell and his agents had negotiations with the said Max Satovsky, one of the defendants, for the exchange of the premises in dispute in this case, and the parcel of land owned by said Grinnell at 1037 St. Aubin avenue, and that a contract was entered into for the sale of said premises between said parties on the said 25th day of June, 1918, and upon which contract the said Grinnell did obtain a decree for specific performance as set forth herein, on the 3d day of November, 1919.

"That upon the occasion of such negotiations between the said Max Satovsky and Clayton A. Grinnell, the said plaintiff herein, Harry Satovsky, took his father to the premises in question and to the office of the said Clayton A. Grinnell; and I find that the said Harry Satovsky had personal knowledge of the negotiations and was cognizant thereof. That on the 25th day of June, 1918, when said exchange of real estate between the said Max Satovsky and said Clayton A. Grinnell was consummated, that the said Clayton A. Grinnell gave to the said Max Satovsky his check on the First and Old National Bank of Detroit for the sum of $100, and wrote upon the said check as follows: 'Deposit on 891 Third, Exchange 1037 St. Aubin.' That said check was payable to the order of Max Satovsky and was thereafter indorsed 'Max Satovsky,' and it bears a stamped indorsement: 'Pay Wayne County & Home Savings Bank, 892, Detroit, Mich., or order, 892. Max Satovsky and Son.' That said check bears the stamp of said bank as having been paid on July 3, 1918.

"The proofs in this case further show that upon said July 3d, and both prior and subsequently thereto, the said Max Satovsky and his son, Harry Satovsky, were conducting a partnership under the name of Max Satovsky & Son and that the said check was deposited to the credit of said firm. The court further finds that the indorsement, Max Satovsky, upon the back of the $100 check is in the handwriting of Harry Satovsky.

"The court further finds that there is not sufficient proof in said cause to sustain a finding that the occupancy of the premises was such under the said Harry Satovsky, Samuel and Bertha Rubin, preceding or following the execution of said contract on the 25th of June, 1918, as would put the said defendant Grinnell upon inquiry.

"Following the purchase of said premises by Max Satovsky, the premises were assessed upon the tax roll in the name of Max Satovsky and the taxes were paid thereon in his name, to the knowledge of said Harry Satovsky. That the premises, when purchased by said Max Satovsky, were insured in the name of Max Satovsky, loss if any payable to him, and the policies of insurance were carried in the name of said Max Satovsky, all of which the court finds was with the knowledge of said Harry Satovsky and acquiesced in by him.

"It further appears from the evidence in this case that during the pendency of said cause in which a decree for specific performance was entered in favor of said Grinnell, that the said plaintiff Harry Satovsky resided in the home of his father, Max Satovsky, and that neither he, the said Harry Satovsky, nor Samuel Rubin or Bertha Rubin ever made any effort to intervene in said cause to protect their claimed interests in said property, if any, by reason of any contract or otherwise. I therefore find that the plaintiffs are not entitled to any equitable relief, and that if they ever had any rights in said property, they are estopped by their actions from now asserting the same."

Plaintiffs' bill was dismissed. The cross-bill of the father of plaintiffs, Max Satovsky, was also dismissed. Defendant Grinnell was found to be the owner of the property.

On the question of estoppel see *Beatty* v. *Sweeney*, 26 Mich. 217, and cases there cited.

Decree affirmed. Costs to defendant Grinnell.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, and McDONALD, JJ., concurred. WIEST, J., did not sit.