The Court

observed that, if the plaintiff was, in fact, tenant in common of the chattels with Wellman Of Ropes, he could not maintain replevin for his undivided share. But he was not tenant in' common. Though the bags belonging to him had no distinguishing marks, he might have * taken the number of bags and the quantity of coffee, to which he was entitled, by his own selection, while they remained in the hands of Wellman & Ropes; and the defendant,- as a deputy sheriff, could not change the rights of third parties. Then, if a return were to be ordered, the defendant would still be accountable to the plaintiff for the proceeds. Thus the whole case resolved itself into a question as to the form of the action, (a)

Judgment on the verdict.

 [And see Damon vs. Osborn, 1 Pick. Rep. 476. — But see Austen vs. Craven, 4 Taunt. 644. — White vs. Wilks, 5 Taunt. 176. — 1 Marsh. 2. —Busk vs. Davis, 2 M. & S. 397. — 1 Marsh. 258. — 5 Taunt. 622.—Zagury vs. Furnell, 2 Camp. 240. — Shepley vs. Davis, 5 Taunt. 617. How could any one portion of the coffee be taken, as belonging to the plaintiff rather than another? Had not each, before a division by mutual consent, an interest in every part of it ? How, then, could either insist that, in any part in particular, he had an exclusive property ?— Ed.]