THIS was an action of replevin for a schooner named the Samuel R. Paynter. The defendants avowed the taking and pleaded property in a certain William Holland, and justified, the latter as sheriff and the former as plaintiff, in a judgment and execution against the said William Holland, and a levy on said schooner by virtue of that execution. There was also a plea of property in defendants, (of which no evidence was given;) and property in a stranger, without naming him. This plea was struck out by the court, on motion.
Benjamin McIlvaine, the plaintiff, and Albert Holland, the real defendant, both died before the trial term; when, by agreement, the following entry was made:
"April term, 1847, the death of Benjamin McIlvaine suggested and admitted, and George W. Adkins, his administrator, c. t. a., admitted a party plaintiff to prosecute this suit; and the death of Albert Holland suggested and admitted, and Benjamin F. Waples and Susan R. his wife, late Susan R. Holland, administratrix of the said Albert Holland, deceased, admitted to defend the same; and it is agreed that the suit shall be prosecuted against the defendants herein named as the real defendants in the cause, and not against the said Thomas W. Records, late sheriff of said county.
On the trial the plaintiff gave in evidence a judgment at the suit of Nathaniel Barritt, for the use of Albert Holland, against William Holland; a writ of fieri facias issued and delivered to Thomas W. Records, sheriff, and a levy and inventory of the defendant's goods and chattels, among which was "one-half of the schooner Samuel R. Paynter, appraised at $1,000." *Page 11 
 Mr. Cullen objected to proof of property in William Holland, inone-half of the vessel, under the pleadings; the defendants' pleas being property in William Holland and property in Waples and wife, as administrators of A. Holland; that is property in the whole vessel, not the half. When a party sues for the whole of a chattel, he cannot recover one-half, for that shows a different title to the thing; namely, in several persons together, and not in the defendant alone. The defendant may plead property in himself and a stranger; but such evidence is not good under a plea of property in himself. [2 Wh.Selwyn. 923; ib. 921.] The narr. is for taking the whole vessel. The plea is property in William Holland. Proof of property in William Holland and another, is not admissible. When a party claims property with another, he must so plead it. [12 Wend. Rep. 30; 9 Mass. Rep. 427; 13 ib. 199.] The avowry in replevin is like a declaration, and the averment must state his title correctly. [Wilk. Repl. 50; 6 L. Lib. 19.] If the defendant insist that he is a tenant in common with the plaintiff, he must plead that matter specially. [1 Chitt. Pl. 79, 156, 541; 4 Mason's Rep. 515.]
Mr. Houston. — The case is peculiar. I had a judgment against the plaintiff by default, for want of a narr., and on application of the plaintiff's attorney (Mr. Ridgely) I consented to take it off and go to trial on the question of property, it being understood that the claim was for one-half. The plea of property was entered in short, and as the plaintiff did not require it to be drawn out; he agreed in writing to go to trial as the case stood, the question being one of property in the vessel, which was a question, of any part, or all the vessel. The court will not, under such circumstances, allow the plaintiff's counsel to put his own construction on this plea, but will allow of our's; being the way which we would be allowed to draw it out. It could not be drawn out in any way consistently with the execution levy, or claim, but for one undivided moiety of the vessel. We claim that this should be the mode in which this short plea shall be read.
Mr. Bayard lamented the system of short pleading. It leads to these misunderstandings and surprise, if not to injustice. But here was a case prepared with many irregularities, and brought to trial on a written agreement. The court would see that such an agreement shall be so construed and carried out as not to allow of injustice. The agreement is to go to trial on the issues, without noticing *Page 12 
the irregularity of discharging one of the defendants, the sheriff. Then what is the issue? One of property; property in William Holland; shortly entered; which means any property, whether of part or of the whole. He admitted that this could not be so as to a plea of the general issue. That has a definite meaning. But property in defendant is a special plea, and the court cannot know whether it means all or part. Its only meaning is, that I ground my defence for taking the vessel upon a claim of property, such as authorized the taking, whether all or part. Advantage cannot be taken of such memorandum pleadings, without notice to draw them out. Without such notice, the pleader has a right to draw out any thing which the plea admits of; and therefore, in Reading's adm'r. vs. Reading, 1 Harr. Rep. 23, where lie wished to raise a question founded upon such a plea, he required it to be set out.
Mr. Cullen replied. — The agreement has reference only to making parties; both plaintiff and defendant having died, the parties agreed that such and such persons should be parties; that a narr. should be filed, pleas pleaded and the case brought to issue. What or how he should plead, was not a subject of agreement. The defendant pleaded what he pleased, and he did plead "property in William Holland." What does that mean, if drawn out? "Actio non, because he says that the property in said goods, c., in said declaration mentioned, was in William Holland;" without this, that the property is in said Benjamin McIlvaine, as in said declaration is supposed, c. How under such a new plea could he draw out, that the property in the goods, c., was in William Holland and Benjamin McIlvaine; without this, the judgment and execution are not evidence on another ground to show property in William Holland, unless there was a sale to Holland. It shows only a justification to the sheriff, (now not a defendant,) in seizing the property under the execution. This justifies him, but it does not prove property in William Holland. [1 Johns. Rep. 379; 9 C. L. R. 217; 2 Taunt, Rep. 155.]
The Court said they could give no other effect to a memorandum plea, unobjected to, than that the party pleading it may draw it out in any form that it justifies, which in this case would be, that the property in this vessel was in William Holland. Under this evidence of property in William Holland and Benjamin McIlvaine cannot be offered, much less would it amount to a justification by seizure under execution process. *Page 13 
 Mr. Bayard then moved for leave to amend, and insisted strongly that under the constitution, the court were at liberty to allow an amendment, even after jury sworn; and he insisted that under the agreement in this cause, which was construed by himself and his colleague as an agreement to try the case informally, and on its merits, the court could go to the extent of allowing this amendment. He said there had been no decision of the Court of Appeals binding on this court, on this question of amendment, though he agreed that this court had frequently refused such amendments. But he said this was a special case, of deception, and would result in injustice.
The Court refused the amendment, saying that the decisions had been uniformly the same way since 1792. The court several years ago had prepared a bill to change the practice, being a copy of Lord Tenterden's act, but the legislature did not pass it.
The counsel for the defendant then asked the court to charge the jury that the evidence offered did not sustain the plea of property in William Holland, as pleaded in this case, which the court did, and the jury thereupon rendered a
 Verdict for plaintiff. Exceptions prayed and granted.
 Mr. Bayard then moved for an order on the plaintiffs to draw the judgment out in form, which order was made. [See post, June term, 1849.]