HARVEY SCUDDER *vs.* JOHN WORSTER & another.

Upon an agreed statement of facts all questions as to the formal pleadings are understood to be waived unless directly reserved.

Since the *St.* 1836, *c.* 273, abolishing special pleading in this commonwealth, a defendant in replevin may, under the general issue, show title to the property in himself.

A. sold B. 250 barrels of pork, part of a larger lot, all of the same quality, having the same marks, and all stored in the same cellar of A., but no separation was made. B. sold and delivered C. 100 barrels of the same pork, and afterwards sold D. the remaining 150 barrels, and gave him an order on A. therefor, which, being presented to A., he assented to hold the same on storage for D., but nothing was done to distinguish or separate the 150 barrels from the other pork of similar brand still in A.'s cellar. While the pork remained so stored, B. became insolvent, and A. then refused to deliver the 150 barrels to D. on said order. *Held,* that the 150 barrels were not so specified and separated from the whole mass, that D. could maintain replevin therefor against A.

THIS was an action of replevin, for 150 barrels of pork, to which the defendants pleaded only the general issue. It was submitted to this court on an agreed statement of facts, which, so far as necessary to a proper understanding of the points involved, sufficiently appear in the opinion.

*H. A. Scudder,* for the plaintiff.

*W. G. Russell,* for the defendants.

DEWEY, J. This case is submitted upon an agreed statement of facts, upon which the court are to enter judgment. The first question presented, that of proper pleadings and specification of defence, would have been more properly raised, had the case taken the ordinary course of a trial by jury. By making a statement of facts, and asking the judgment of this court thereon, the parties are understood to have waived all questions as to the formal pleadings, unless those questions are in direct terms reserved. For obvious reasons, this ought to be so, as the opportunities for amendments of the pleadings would be much greater, and they could be more conveniently allowed in the earlier stages of the case. The precise objection taken by the plaintiff as to this matter is, that the defendants by pleading the general issue without a specification, alleging the property in themselves in the articles replevied, admit the property in these articles to be in the plaintiff, and deny only the taking of the same.

If this were so, yet in a case when the right of property was in fact the real matter in controversy, and the defendant had through some misapprehension omitted to set forth his claim of right of property, an amendment ought to be allowed to that effect, upon proper terms, if on trial before a jury, or the facts discharged and the case sent to trial, if the case were submitted to the court upon an agreed statement of facts, if it were necessary to secure the defendant a hearing upon the merits of the case. But in the present case we think the right of the defendants to assert their property in the articles replevied, is not concluded by the form of the pleadings; first, for the reason already assigned, that the parties have made a case upon a statement of facts, and thus waived the objection as to the form of the pleadings; and secondly, because under our

statute of 1836, c. 273, abolishing special pleading, and allowing no other plea than the general issue, that was properly pleaded, and no call having been made for any specification of defence, and no objection taken to its omission, until the argument was heard here upon the statement of facts, it was too late to raise the point. *Miller* v. *Sleeper* 4 Cush. 369. Nor can the plaintiff aid his case by reference to his writ commanding the officer to replevy 150 barrels of pork, " the property of the plaintiff," and the return indorsed thereon by the officer that " he had replevied the within mentioned property." An officer's return, however conclusive as to the service of process, settles nothing of the right of property of the parties. This case must be decided upon the result we shall come to upon the principal question so fully argued, whether the property in the 150 barrels of pork ever passed from the vendors by a sale so far complete as to authorize the plaintiff to maintain his action of replevin for the same.

It appears from the facts stated, that on February 10, 1850, a contract was made by the defendants with Secomb, Taylor, and company, to sell them 250 barrels of pork branded " Worcester and Hart; " that a bill of sale of the pork was made and delivered to them, and they gave the defendants their negotiable promissory notes of hand therefor, payable in six months; that it was further agreed that the pork should remain in defendants' cellar on storage, at the risk and expense of the purchasers; that Secomb, Taylor, and company, on the 13th of May, 1850, sold 100 barrels of the pork to one Lang, who received the same of the defendants upon the order of Secomb, Taylor, and company; that on the 27th of May, 1850, Secomb, Taylor, and company sold the plaintiff 150 barrels, with an order on the defendants therefor. The next day the plaintiff gave notice to the defendants of the purchase, and requested them to hold the same on storage for him, to which the defendants assented. On the 25th of June, Secomb, Taylor, and company became insolvent, and on the same day the plaintiff called upon the defendants for the purpose of receiving the 150 barrels of pork, but the defendants refused to allow him to do so. On the next day a more formal demand, accom-

panied by an offer to pay storage, was made, which being refused by the defendants, an action of replevin was instituted, and 150 barrels of pork, the same now in controversy, were taken and removed from said cellar, and delivered to the plaintiff.

The further fact is stated in the case, and it is this which raises the question of property in the plaintiff, that the pork bargained and sold in the manner above stated was in the cellar of the defendants, and a parcel of a larger quantity of the same brand, and also with some of a different brand, and so continued parcel of a larger quantity of similar brand, up to the time of the suing out of the plaintiff's writ of replevin : though this fact was not at the time of the sale stated to the purchasers, or to the plaintiff when he purchased of Secomb, Taylor, and company. Had these 250 barrels of pork been a separate parcel, or had the parties designated them by any visible mark, distinguishing them from the residue of the vendors' stock of pork, the sale would clearly have been an absolute one, and the property would at once have passed to the purchaser. There was nothing required to have been done but this separation from the general mass of like kind, to have placed the sale beyond all question or doubt as to its validity.

The cases cited by the plaintiff's counsel fully establish the position, that what was done in this case would have transferred the property in the pork, if the sale had been of all the pork in the cellar, or of any entire parcel separated from the residue, or if the 250 barrels had some descriptive mark distinguishing them from the other barrels not sold. The difficulty in the case is, in maintaining that in the absence of each and all these circumstances, distinguishing the articles sold, the particular barrels of pork selected by the officer from the larger mass when he served this process, were the property of the plaintiff, or had ever passed to him. In addition however to the numerous cases cited to establish the general principles contended for on the part of the plaintiff, and which would have been decisive, if it had been a sale of all the pork in the cellar, or a particular parcel, or certain barrels having descrip-

Scudder *v.* Worster & another.

tive marks which would enable the vendee to separate his own from the residue, were cited several more immediately bearing upon the present case, and where property not separable, has been held to pass to the vendee. The leading case relied upon is that of *Pleasants* v. *Pendleton,* 6 Rand. 475. This was an action by the vendor to recover the price of 119 barrels of flour sold to the defendant. No other objection existed to the validity of the sale, except that the 119 barrels were a parcel of 123 barrels, all of similar kind, in the same warehouse. There were certain brands or marks on the entire 123 barrels. The flour was destroyed by fire while on storage, and the vendee refused to pay for the 119, upon the ground that the sale was not perfected for want of separation from the 123 barrels. The court refused to sustain the defence, and gave judgment for the plaintiff. In reference to this case, Grimke, J. in *Woods* v. *McGee,* 7 Ohio, 127, says, " it is impossible to divest ourselves of the impression that the small difference between the aggregate mass and the quantity sold, the former being 123 barrels, and the latter 119, may have influenced the decision. It was a hard case, and hard cases make shipwreck of principles."

*Jackson* v. *Anderson,* 4 Taunt. 24, was an action of trover to recover for the conversion of 1,969 Spanish dollars. It appeared that the amount had been transmitted to a consignee for the use of the plaintiff, but they were in a parcel of $4,918, all of which came into the hands of the defendant. Among other points raised at the argument, was this, that there was nothing to distinguish the $1,969 from the entire mass; that there had been no separation, and of course the plaintiff had no property in any particular portion of the money. The point, it seems, was not made at the trial before the jury, but suggested by the court during the argument before the full court, and this is stated by the reporter; the court interrupted the counsel, and intimated a strong doubt, as there was nothing to distinguish the $1,969 from the remaining contents of the barrel, whether the action could lie. At a future day the court gave judgment for the plaintiff. The objection was overruled upon the ground that the defendant

had disposed of all the dollars, consequently he had disposed of those belonging to the plaintiff.

The case of *Gardner* v. *Dutch*, 9 Mass. 427, is apparently the strongest case in favor of the plaintiff. The case was replevin against an officer who had attached goods as the property of Wellman and Ropes. The plaintiff had 76 bags of coffee, to which he became entitled as owner, upon an adjustment of accounts of a voyage he had performed for Wellman and Ropes, but the bags belonging to the plaintiff were in no way distinguished by marks, or separated from the other coffee of Wellman and Ropes. The plaintiff on his arrival at Salem, from his voyage, delivering the entire coffee to Wellman and Ropes, taking their receipt " for 76 bags of coffee, being his adventure on board schooner Liberty, and which we hold subject to his order at any time he may please to call for the same." The point taken in the case was that the plaintiff had not the sole property, but only an undivided interest, and so could not maintain replevin. The court ruled that the plaintiff was not a tenant in common, but might have taken the number of bags to which he was entitled, at his own selection, and might maintain his action.

This case, on the face of it, seems to go far to recognize the right of one having a definite number of barrels of any given articles mingled in a common mass, to select and take, to the number he is entitled, although no previous separation had taken place. It is, however, to be borne in mind in reference to this case, that it did not arise between vendor and vendee. The interest in the 76 bags of coffee did not originate by purchase from Wellman and Ropes. They became the specific property of the plaintiff in that action, on an adjustment of an adventure, the whole proceeds of which were in his hands, and, separated with the possession, only when he took their accountable receipts for 76 bags, held by them on his account. It did not raise the question, here so fully discussed, as to what is necessary to constitute a delivery, and how far it was necessary to have a separation from a mass of articles, to constitute a transfer of title. Perhaps the circumstances may well have warranted that decision, but we

are not satisfied that the doctrine of it can be properly applied to a case where the party asserts his title, claiming only as a purchaser of a specific number of barrels, there having been no possession on his part, and no separation of the same from a larger mass of articles similar in kind, and no descriptive marks to designate them.

On the other hand, in support of the position, that this sale was never perfected, for want of such separation of the particular barrels on account of the plaintiff, or some designation of them from others of like kind, there will be found a strong weight of authority, and to some of the most prominent cases I will briefly refer. Thus, in the case of *Hutchinson* v. *Hunter*, 7 Barr, 140, which was an action of assumpsit to recover payment for 100 barrels of molasses sold to the defendant, the same being parcel of 125 barrels, and the whole destroyed by fire while on storage, and before separation or designation of any particular barrels, it was held that the plaintiff could not recover, the sale never having been consummated. Rogers, J. says " The fundamental rule which applies to this case is, that the parties must be agreed as to the specific goods on which the contract is to attach, before there can be a bargain and sale. The goods must be ascertained, designated, and separated from the stock or quantity with which they are mixed, before the property can pass." He considers the case of *Pleasants* v. *Pendleton*, 6 Rand. 475, as decided on erroneous principles. The case of *Hutchinson* v. *Hunter*, presented a case of a sub-contract or sale like the present, and it was urged that this differed the case from what it might otherwise have been, as respects the original vendor. But the court held that this did not vary the case in the matter of the necessity of a separation of the article sold from the greater mass. So in *Golder* v. *Ogden*, 15 Penn. St. R. (3 Harris,) 528, where a contract was made for the sale of 2,000 pieces of wall paper, the purchaser giving his notes therefor to the vendor, and taking away with him 1,000 pieces, and it was agreed that the other 1,000 pieces should remain until called for by the purchaser, upon a question of property in the remaining 1,000 pieces between the assignees of the vendor and the purchaser, it was held that these 1,000

pieces not having been selected by the buyer, or separated, or set apart for him, but remaining mingled with other paper of same description, did not become the property of the alleged buyer, as against an assignment for the benefit of the creditors of the vendor. The principle advanced in that case seems to be the sound one : " That the property cannot pass until there be a specific identification in some way of the particular goods which the party bargains for. The law knows no such thing as a. floating right of property, which may attach itself either to one parcel or the other, as may be found convenient afterwards." The case of *Waldo* v. *Belcher*, 11 Iredell, 609, was the case of a sale of corn by a vendor, having in his store 3,100 bushels of corn, and selling 2,800 bushels of the same, but the 2,800 bushels were never separated from the 3,100, and the whole was, after the sale, destroyed by fire, and it was held that the property in the 2,800 bushels did not pass to the vendee, though it would have been otherwise had it been a sale of all the corn. in the crib. The ground of the decision was, that there had been no separation, that it could not be ascertained which corn was the property of the vendee until it was separated. The purchaser could not bring detinue, because he could not describe the particular thing. This would be equally so as to replevin. The case of *Merrill* v. *Hunnewell*, 13 Pick. 213, bears strongly upon the question before us. It was a sale of nine arches of brick in a kiln containing a larger number, but not separated from the residue, or specifically designated. After the vendor had, by other sales, reduced the quantity on hand to less than nine arches, upon a question of property between the vendee and an attaching creditor of the vendor, it was held the purchaser took no property in the bricks, the sale being of part of a large mass, not delivered nor specifically designated.

Blackburn, in his Treatise on Sales, p. 20, presents the law on this subject thus : " Until the parties are agreed as to the specific identical goods, the contract can be no more than a contract to supply goods answering a particular description, and since the vendor would fulfil his part of the contract by furnishing any parcel of goods answering that description, it

is clear there can be no intention to transfer the property in any particular lot of goods more than another, until it is ascertained which are the very goods sold."

Examining the facts in the case before us, and applying the principles of the cases last cited, and the approved elementary doctrine as to what is necessary to constitute a sale of property not separated from the mass of like kind, or designated by any descriptive marks, the court are clearly of opinion that the property in the specified 150 barrels of pork taken by the plaintiff, under his writ of replevin, had never passed from the vendors, and therefore this action cannot be maintained.

In the argument of this case on the part of the plaintiff, the case was put as a case of intermixture of goods, and it was argued that such intermixture having taken place, the plaintiff might, for that cause, hold the property as his. But, in fact, there was no such case of intermixture. The entire property was always in the defendants.

It was also urged that the defendants were estopped to deny that the 150 barrels of pork were the property of the plaintiff, having given a bill of sale of the same, and under the circumstances stated in the statement of facts. Had this been an action to recover damages for the value of 150 barrels of pork, this position might be tenable, and the defendants estopped to deny the property of the plaintiff in such 150 barrels. This would be so if an action had been brought against the defendants as bailees of 150 barrels of pork, and for not delivering the same.

But the distinction between the case of an action for damages for not delivering 150 barrels, and that of replevin, commanding the officer to take from the possession of the defendants 150 barrels, and deliver the same to plaintiff as his property, is an obvious one. To sustain the former, it is only necessary to show a right to 150 barrels generally, and not any specific 150 barrels; but to maintain replevin, the plaintiff must be the owner of some specific 150 barrels. If bought, they must be specifically set apart, or designated in some way as his, and not intermingled with a larger mass of like kind owned by the vendor.　　　　*Judgment for the defendants.*