ZARDA FROST, JR.

*v.*

JOHN N. WOODRUFF.

54  155
60a 121·

54    155
f96a ²527

1. SALE OF PERSONAL PROPERTY—*what is requisite, to pass title.* As between the parties to a contract of sale, of personal property, a delivery of the goods is unnecessary to render the contract binding. And the property may remain with the vendor any length of time if the vendee takes it into possession before any lien attaches to it while in the hands of the vendor, provided the transaction between vendor and vendee is *bona fide.*

2. In the sale of personal property, so long as anything remains to be done to complete the contract, such as ascertaining quantity, or delivering possession, the title does not pass.

3. So where a party contracted for the purchase of a lot of cord wood before it was all cut, the wood to be measured and delivered by the choppers when they had finished chopping, it was *held,* the measurement was requisite to passing the title, and until such measurement, the wood was subject to seizure and sale under execution against the vendor.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion sufficiently states the case.

Mr. H. B. SMITH, for the appellant.

Messrs. WILLARD & GOODNOW, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit*, with a count for taking and carrying away two hundred cords of wood, brought to the Marion circuit court, by John N. Woodruff against Zarda Frost and others, and a verdict and judgment for the plaintiff, to reverse which the defendant has appealed.

There were several issues presented by the pleadings which it is not important to notice particularly, as the controversy was made to turn on one point, and that is, was the sale of the cord wood to plaintiff complete before the execution issued against Harrison Woodruff? If it was, then the verdict was right, and to this alone have we directed our inquiry.

It is undoubtedly true that, as between the parties to a contract of sale, the sale is good without a delivery. *Wade* v. *Moffett*, 21 Ill. 110. The property may remain with the vendor any length of time, if the vendee takes it into his possession before any lien attaches to it while in the hands of the vendor, provided the transaction between vendor and vendee is *bona fide*. *Cruikshank* v. *Cogswell*, 26 ib. 366.

What are the facts in this case? The wood was contracted for on the second of January, 1868, before it was all cut. It was to be measured and delivered to the plaintiff by the choppers, when they had finished the chopping. A part of the wood was measured for delivery about the fifteenth of February, 1868. On the same second day of January, 1868, Rutherford and Jenkins recovered a judgment against the then owner of the wood, Harrison Woodruff, the son of the plaintiff, for about twenty-five dollars. On the twenty-seventh of the

same month, a *fi. fa.* issued on this judgment, and was levied by the constable on the same day, on fifty cords of the wood then being corded on the land of the defendant in the execution, as the property of the defendant, and the same was sold at public sale to the appellant, who hauled it away.

The lien of the execution attached on the twenty-seventh of January. The measurement was not made until the middle of the following month, and that was requisite to passing the title. Before the title passed to appellee, the wood became subject to the *fi. fa.*

It is a rule established by this, as by other courts, that in a sale of personal property, when anything remains to be done to complete the contract, such as ascertaining quantity or delivering possession, the title does not pass until these things are done. *O'Keefe* v. *Kellogg,* 15 Ill. 347 ; *Schneider* v. *Westerman,* 25 ib. 514. As in the case of the puncheons in the case last cited, until they were made and ready for delivery the title could not vest by force of the agreement to manufacture them, so here the title to the cord wood could not vest by force of the bargain with his son to have it cut, until it was cut and measured.

Before it was measured, it was seized and sold on an execution against the owner of the wood, and purchased by appellant. By this purchase, appellant's title was complete. Removing the wood by him under this purchase is the trespass of which complaint is made.

It is a clear case for appellant. There is no necessity for considering the instructions. The verdict should have been not guilty, on the evidence. The motion for a new trial should have been allowed. It was error to refuse it, and for that error the judgment is reversed and the cause remanded.

*Judgment reversed.*