# JOHN C. STANLEY
## v.
## C. A. ROBINSON.

1. TITLE IN PERSONAL PROPERTY—DELIVERY—REPLEVIN.—R. agreed to furnish appellee with certain lumber which R. was to haul to appellant's mill and there have it sawed, the amount to be paid for the sawing to be deducted from the purchase price to be paid R.    Appellant refused to deliver the lumber to appellee until he paid the bill for sawing, and also an item of $3.00, due appellant from R.    Appellee agreed to pay for the sawing but refused to pay the $3.00 item.    There was no evidence in the record tending to show that any part of the lumber had been delivered by R. to appellee, or that the amount to be purchased by appellee had been agreed upon.    *Held*, that appellee could not maintain an action of replevin against appellant for the lumber.    The title could not vest in him by force of the agreement to manufacture the lumber alone.

2. WHEN ACTION OF REPLEVIN MAY BE MAINTAINED.—Replevin lies for specific property, capable of identification and actual return, and can not be maintained for an undivided interest or share, except in cases of fraud or wrongful confusion of the property.

APPEAL from the Circuit Court of Jasper county; the Hon. WILLIAM C. JONES, Judge, presiding.  Opinion filed April 18, 1884.

Messrs. GIBSON & JOHNSON, for appellant; that in the sale of personal property, where anything remains to be done to complete the contract, such as ascertaining quantity, or delivering possession, the title does not pass, cited O'Keefe v. Kellogg, 15 Ill. 347; Schneider v. Westerman, 25 Ill. 514; Graff v. Fitch, 58 Ill. 373; Low v. Freeman, 12 Ill. 467; Updike v. Henry, 14 Ill. 378; Haverstick v. Fergus, 71 Ill. 105; Moriarty v. Stofferan, 89 Ill. 528.

Mr. JOHN H. HALLEY, for appellee.

Stanley v. Robinson.

CASEY, J.   This was an action of replevin, heard in the Circuit Court of Jasper county upon an appeal from a justice of the peace; the facts as shown in the record are that appellee contracted with one Raef, who owned a saw-mill, for some lumber to be used in constructing two hay presses.   The lumber was to be furnished at $1.50 per hundred feet, at Raef's mill, and he agreed with appellee to haul the logs to appellant's mill and have them sawed there.

Appellee had agreed, on his part, to pay appellant for sawing the logs, and that amount was to be deducted from the purchase price to be paid Raef for the lumber, and Raef was to wait for the balance due him until appellee could manufacture and sell two hay presses.   Raef, in pursuance of the agreement, hauled a number of logs to appellant's mill to be sawed into lumber, and furnished appellant with a bill for the sawing.

Appellee informed appellant that he had purchased enough of the lumber to be made out of the logs to make two presses. Appellant at first agreed to allow appellee some time in which he might pay for sawing the lumber, that is, until appellee had manufactured and sold two hay presses.   Subsequently he changed his mind and insisted that the bill for sawing should be paid when the lumber was removed.   It does not appear from the evidence what amount was required to make two hay presses, but it does appear that the lumber made from the logs hauled by Raef to appellant's mill, was more than was required in constructing the hay presses.

After the lumber had been sawed, and when appellant was away from his mill, appellee called to get the lumber.   The agent of appellant, who was at the mill at the time, as he had been directed, refused to allow the lumber or any part of it to be taken away until the bill for sawing the same had been paid, and also an item of three dollars owed by Raef to appellant.   Appellee refused to pay the said sum of three dollars, but exhibited his pocket book which contained $85 as he stated, and proposed to pay for the sawing as fast as the lumber was placed in the wagon.

This proposition was refused by the agent of appellant, and

appellee instituted this action of replevin to obtain possession of the property.

The whole amount of lumber made from the logs was replevied and at the trial before the justice of the peace, appellee tendered to appellant the sum of $8.68, due for sawing the lumber, and appellant accepted the money. The question is, did appellee, at the time of suing out the writ of replevin, have such a title or interest in the lumber in question as authorized him to maintain an action of replevin. There is no evidence on the record tending to show that any part of the lumber had been delivered by Raef to appellee, or that the amount to be purchased by appellee had been agreed upon. The title to personal property does not vest in the purchaser until the purchase is complete and nothing remains to be done under the agreement. The title could not vest in appellee by force of the agreement to manufacture the lumber alone.

To this rule there may be exceptions, arising from the evident intent of the parties at the time of contracting. But there is nothing in the record to show that this case is an exception to the rule announced. It does not appear that either Raef or appellee intended that the sale should be complete before the amount of the lumber was ascertained, or a delivery of the property purchased had been made. Schneider v. Westerman, 25 Ill. 517. If, in this case, Raef had refused to comply with his contract, and deliver the lumber, perhaps appellee might have sustained an action against him for damage because of his failure to comply with the contract; but because such an action will lie, it by no means follows that replevin may be maintained.

In this view of the case the action of replevin can not be sustained.

Another view is, that the most that can be claimed is that appellee is the owner of an undivided interest in the lumber. He did not purchase from Raef the whole amount of lumber manufactured from the logs hauled to the mill of appellant, but only so much as was necessary to make two hay presses. The lumber was without distinguishing marks, mixed and commingled with other lumber of the same kind and character, without any fault or wrong on the part of appellant.

Replevin lies for specific property capable of identification and actual return, and can not be maintained for an undivided interest or share except in cases of fraud or wrongful confusion of the property. McEldury v. Flannigan, 1 Haw. & Gie, 308; Hart v. Fitzgerald, 2 Mass. 569; Gardner v. Deitch, 9 Mass. 427; Reynolds v. McCormick, 62 Ill. 412. The fact, as the evidence shows, that upon the trial before the justice of the peace appellant received from appellee the amount due for sawing the lumber, is not important, because the question to be decided is, as we have stated, was appellee entitled to the possession of the lumber at the time the suit of replevin was instituted?

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded. ·