## Wm. H. and Philip H. Conboy, Administrators of James Conboy, v. W. T. F. Petty.

1. SALES—*Of a Portion of the Property—When the Title Passes.*— It is a general rule governing sales of personal property and applicable to the sale of a portion of a common mass that the title remains in the seller until the bargained property is separated and identified.

2. SAME—*An Exception to the Rule—Risks of Ownership.*—If the mass of property is uniform in kind and quality it is competent for the parties to agree or intend that possession and title shall pass to the buyer, and in such case the buyer becomes the owner, and all risks of ownership devolve upon him.

3. SAME—*When the Title and Risks of Ownership Remain with the Seller.*—In the absence of an agreement or mutual intention that possession and title of property, a portion of which is sold, shall pass to the buyer, the transaction is a contract of sale, the title and risks of ownership remaining in the seller, and not a consummated sale devolving such risks upon the buyer.

4. VERDICTS—*When Illogical.*—When the plaintiff, if entitled to any verdict, is entitled to $306, double the amount of one returned, the verdict returned will be set aside.

**Assumpsit,** for goods sold, etc. Appeal from the Circuit Court of Pike County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed June 3, 1895.

### STATEMENT OF THE CASE.

Appellee, on the 17th day of February, 1892, made a public sale of his property and offered thereat, at auction, a quantity of corn in the crib, perhaps 1000 bushels in all. The auctioneer offered the corn in lots of 100 bushels with the privilege to the purchaser to take as much more as he might desire. Hays Colvin was the successful bidder for the first lot, and announced that he would take 200 bushels. Another lot was then offered and James H. Conboy, appellant's intestate, became the purchaser at thirty-six cents per bushel, and he would take the remainder of the corn.

Colvin did not remove the corn purchased by him until March 15, 1892.

Conboy was informed late in the afternoon on the 17th of March, 1892, that Colvin had taken out the 200 bushels purchased by him, and proceeded early the next morning with a number of teams to get the remainder. The corn was totally consumed by fire on the night of the 17th.

The action was by the appellee to recover the purchase price of the corn upon the theory that title had passed to Conboy. Judgment for appellee and appeal to this court.

Conboy v. Petty.

Since the appeal James H. Conboy departed this life and appellants are his administrators.

WILLIAMS & WILLIAMS, attorneys for appellants, contended that, although a contract for the sale of goods be complete and binding in other respects, the property in them remains in the vendor, and they are at his risk, if any material acts remain to be done before the delivery, either to distinguish the goods or ascertain the price thereof. Chitty on Contracts, 375; Low v. Freeman et al., 12 Ill. 467; O'Keefe v. Kellogg, 15 Ill. 347; Frost v. Woodruff, 54 Ill. 155.

The rule of law is, that where there is an immediate sale and nothing remains to be done by the vendor as between him and the vendee, the property in the thing sold vests in the vendee, and then all the consequences resulting from the vesting of the property follow; one of which is, that if it be destroyed, the loss falls on the vendee. Wade v. Moffett et al., 21 Ill. 110; Kohl v. Lindley, 39 Ill. 197; 2 Kent's Com., 492; Tarling v. Baxter, 13 Eng. Com. Law Rep. 199; Gardner v. Howland et al., 2 Pick. 602; Shumway et al. v. Ritter, 8 Ib. 443; Parsons v. Dickenson et al., 11 Ib. 352; The State v. Fuller, 5 N. C. 26; Hooben v. Bidwell, 16 Ohio 510; Wing v. Clark et al., 24 Me. 366.

The property does not pass absolutely, unless the sale be completed; and it is not completed, so long as anything remains to be done to put it into a condition for sale, or to identify it, or discriminate it from other property with which it is connected. Dunlap v. Berry, 4 Scam. 327; Graff v. Fitch, 58 Ill. 373.

Where the portion of a common mass is sold by number, weight or measure, the sale is incomplete, and the title continues with the seller until the bargained property is separated and identified. Young v. Austin, 6 Pick. 280; Merril v. Hunnewell, 13 Pick. 213; Woods v. McGee, 7 Ohio, 467; Field v. Moore, Hill & Denio (N. Y.) 418; Hutchinson v. Hunter, 7 Pa. St. 140; Stevens v. Eno, 10 Barb. (N. Y.) 95; Waldo v. Belcher, 11 Ired. 609; Gardiner v. Snydam, 7 N. Y. 357; Scudder v. Worster, 11 Cush. 573; Cook v. Logan,

7 Iowa 142; Bailey v. Smith, 43 N. H. 141; McLaughlin v. Piatti, 27 Cal. 463; Holdeman v. Duncan, 51 Pa. St. 66; Box v. The Provincial Ins. Co., 15 Grant Ch. (Canada) 337; Cumberland Bone Co. v. Andes Ins. Co., 64 Me. 466; Keeler v. Goodwin, 111 Mass. 490; Morrison v. Dingley, 63 Me. 553; Hahn v. Fredericks, 30 Mich. 223; Huntington v. Chisholm, 61 Ga. 270.

Jacob D. Hess and Mumford & Johnston, attorneys for appellee, contended that in the absence of certainty the presumption favors an absolute sale. Benjamin on Sales, Sec. 311.

Even though something remains to be done by the vendor, as weighing or measuring, if it appears that the parties intended that the sale should be complete before the articles sold are weighed or measured the property will pass before this is done. Graff v. Fitch, 58 Ill. 373; Strauss v. Minzesheimer, 78 Ill. 492; Shelton v. Franklin, 68 Ill. 333.

An auction sale is not executory, but is completed when the property is knocked down to the purchaser. Chamberlain v. Bain, 27 Ill. App. 634.

The sale is absolute, and the property rests in the buyer and at his risk as soon as the bargain is concluded, without actual payment or delivery. Willis v. Willis, Adm'r, 6 Dana 38.

A party becomes a buyer when goods are knocked down to him at auction. Hilliard on Sales, 323.

A contract whereby a farmer sold a certain quantity of growing corn at an agreed price to be delivered in the future, is an absolute sale of corn. Sanborn v. Benedict, 78 Ill. 309.

A sale of specific articles by weight, the price being agreed upon, may be a complete sale, although the articles have not been weighed. Wabash R. R. Co. v. Shryock, 9 Brad. 323; Holliday v. Burgess, 34 Ill. 193; Morrison v. Woodley, 84 Ill. 192.

Mr. Justice Boggs delivered the opinion of the Court.

It is a general rule governing sales of personal property

and applicable to the sale of a portion of a common mass, that the title remains in the seller until the bargained property is separated and identified, and as long as anything remains to be done by the seller. Parsons on Contract, Vol. 1, p. 527; O'Keefe v. Kellogg, 15 Ill. 347; Frost v. Woodruff, 54 Ill. 155; Schneider v. Westerman, 25 Ill. 514.

There is an exception, however, to this general rule, and it is if the mass of property is uniform in kind and quality it is competent for the parties to agree or intend that possession and title shall pass to the buyer, and if they do so agree, or intend as between them, the buyer becomes the owner, and all risks of ownership devolve upon him. Graff v. Fitch, 58 Ill. 373; Wood & Co. v. Roach, 52 Ill. App. 388; Stanley v. Robinson, 14 Ill. App. 480.

In the absence of such an agreement or mutual intention, the transaction is a contract of sale, the title and risks of ownership remaining in the seller, and not a consummated sale devolving such risks upon the buyer.

It is not here contended that this case is brought within the exception by an express agreement, but it is urged that it must be inferred from the language employed by the parties and their acts and conduct that they understood and intended that the title to the corn should pass at once to the buyer.

A careful examination of the evidence inclines us quite decidedly to the conclusion that whether the title should pass to, or the risks of ownership be cast upon the buyer did not occur to the parties or either of them, and neither of them had any intent or thought about it.

Various incidents and circumstances proven form the basis of the argument of counsel to the contrary of this view, but the probative force thereof is too slight to be allowed to control, and is, indeed, not inconsistent with the conclusion we have expressed, viz., that neither party thought about, or formed an intent upon the question. It was quite satisfactorily shown that after the day of the auction sale, and for some time thereafter, several head of horses and hogs belonging to the appellee were fed out of the corn in the crib which was struck off by the auctioneer

to Colvin and appellant's intestate. It is true appellee denied that he so appropriated the corn to his own use, but he admitted that his boy might have done so, though he insisted he had directed the boy not to feed that corn. But it was proven that appellee, after the day of the auction sale, until, and at the time of the fire, lived upon the farm where the corn in question was raised and stored in the crib, and there kept the stock in question, and that the stock was fed in corn, and that he had no corn other than that in this crib.

This circumstance militates strongly against the theory that the appellee intended that title should pass. Other circumstances proven, but which need not be mentioned, add much force to the same conclusion.

Moreover, it seems apparent that the jury did not base their verdict upon a finding that the parties had agreed or intended that possession or title should pass.

The evidence of the appellee, which was not in this respect contradicted, showed that there was 850 bushels of corn remaining in the crib after Colvin had taken out the 200 bushels bought by him. It was shown, without dispute, that appellant's intestate was to pay thirty-six cents per bushel.

The verdict, if for the plaintiff, should have been for $306. It was for $153, exactly one-half the true amount to which the plaintiff was entitled, if entitled at all.

It is not unreasonable to conclude that this verdict was the result of the inability of the jury to decide the controlling question of fact upon which the rights of the parties rested. The cause should be again heard.

The judgment is reversed and the case remanded.